## HUMPHREYS et ux. v. CITY OF McALLEN.
### No. 8448.

Court of Civil Appeals of Texas. San Antonio.
May 28, 1930.

W. R. Blalock, of Mission, and B. D. Kimbrough, of McAllen, for appellants.

E. A. McDaniel, of McAllen, for appellee.

FLY, C. J.

Appellants sought to recover damages from appellee for entering and destroying a portion of their home in said city, under the claim that a sewer had to be built into and through the house in order to attain that purpose. The court sustained a general demurrer to the petition, and dismissed the cause. This court has not been favored by a brief from appellee.

The petition is quite prolix, and yet is assailed for want of being as explicit as it should. The allegations show that the appellee through its agents forcibly tore down portions of the home of appellants, alleged to have been purchased by them, and by their unlawful acts compelled Mrs. Humphreys with her minor son to move out of said house, treating her with great indignity and disrespect at a time when her husband was absent from the city. The allegations must be taken as true when testing the authority or propriety of the general demurrer.

Taking the facts alleged as true, there was an inexcusable invasion of the rights of a citizen and his family, and a deliberate disregard of constitutional and legal rights. A municipality has no more authority to invade the legal rights of the citizen than an individual. If the house was on land which belonged to an alley, appellee had no authority to send its agents and forcibly tear down the building and insult and threaten a delicate woman, sick and under the care of a physician. The house had been in the same location for at least ten years, and, if appellants were illegally in the alley, they should have been ejected in a legal way, and not by the strong arm of power without regard to their rights. As said by Dillon, Mun. Corp. § 1133: "Power of summary forcible removal of obstructions conferred by statute upon city authorities, can only be exercised by ordinance to the extent that their right is clear, and only in such a manner that it does not invade such rights as from their nature need to be first lawfully determined by adjudication." Appellee had quietly, for ten years, acquiesced in the use of the alley by appellants, and, when it desired to regain possession of the alley, it should have invoked milder means than the rough and high-handed methods which appellants alleged were adopted. The use of the alley was not interfering with free ingress and egress of citizens, and had presented no such interference for ten years, during which time appellee had tacitly at least permitted of such use by appellants and their vendors. Then, without notice and in utter disregard of the rights of the individual, the house was demolished. The allegations of the petition present a case for damages against the city, and the general demurrer should not have been sustained.

The judgment is reversed, and the cause remanded.