## CITY OF McALLEN v. HUMPHREYS et ux.
### No. 8612.

Court of Civil Appeals of Texas. San Antonio.
May 20, 1931.

Rehearing Denied June 24, 1931.

E. A. McDaniel, of McAllen, for appellant.

W. R. Blalock, of Mission, Griffin & Kimbrough, of McAllen, for appellees.

COBBS, J.

I. D. Humphreys and wife, Laura A. Humphreys, appellees, sued the city of McAllen, appellant, to recover damages for personal injuries and injury to property. It was alleged that they suffered damage to a certain one-story two-room brick building, used by appellees as their residence, in North McAllen, Hidalgo county, Tex., in the sum of $500; that Mrs. Humphreys suffered damages in the sum of $2,500, mental suffering, pain, and distress; that I. D. Humphreys suffered damages in the sum of $2,500, mental suffering, pain, and distress; a doctor's bill of $25; and $10,000 exemplary damages.

The property in controversy was situated in a blind alley, and appellees alleged that they purchased and owned it, and they, and those under whom they claimed, had held the same for more than ten years.

The court overruled all exceptions, and the case was tried to a jury.

It is not disputed that the house is in the alley and the title to the land is not in appellees, but in the city. If the improvements

were owned by the city, it had the right to use the lot free from any claim of appellees. This gave the right to the city to said property.

Ordinarily a city may by force remove obstructions in the streets and alleys of a city, but in doing so it cannot injure or destroy private property without being held for the value of the property thus destroyed or injured.

This is the second appeal of this case. (Tex. Civ. App.) 29 S.W.(2d) 420. While it is the same case, it comes up in a little different shape. There the title was in the city; here it is not. The special issues set out are unimportant except as to those which submit the question of damages by reason of threats made to Mrs. Humphreys, and except as to damage done to the property.

It was shown that appellees purchased the house from the Valley Lumber Company on December 24, 1927; that they had been living in the house at the time of purchase, and lived there for about a year, until it was demolished by appellant. The city laid a sewer line through the house, which made it uninhabitable. Laura A. Humphreys testified that she was visited by certain city officials, including the mayor and a policeman, who told her that they were going to put the sewer through the house and that she would have to move out. The city of McAllen, during September, 1928, constructed a sewer system with plans to show that this property was covered by it, and all the claimed unlawful acts were committed by the city in arranging for and in carrying out its plans therefor, during its construction thereof, and in pursuance of one of its governmental functions.

Any house or building constructed in the street or alley in any city constitutes a nuisance, and may be summarily abated by the city, subject to any damage done to the property in the exercise of such a right or power, for the doctrine of eminent domain in the interest of the public is superior to the rights of the individual.

The rule of law to the effect that the performance of an act entirely legal within itself may nevertheless be made unlawful by the manner in which such act is performed is too elementary to require citation of authorities. For example, if it should be conceded in this case, for the sake of argument, that the house in question was situated in an alley which was a public passageway, and that it constituted such a nuisance as would justify its summary abatement by the city, certainly the act constituting the summary abatement would have to be performed in a lawful manner. If it be true, that the performance of the act was harsh and destructive of the rights of another, then the other party would be entitled to damages. We do not think the court erred in not submitting to the jury as an element of damages the actual damage to the house and refused to submit to the jury an element of damages such as the impairment of Laura A. Humphreys' health, because of the destruction of the house and the manner of its destruction, and further element of damage of the alleged threats made at the time appellant was threatening to destroy the house and embarrassing plaintiff thereby. The court confined the element of damages to mental suffering. The city of McAllen constructed the sewer system within its corporate limits under a certain plan which provided for sewer lines across the property where the house in question was situated. The construction of a sewer system after the plans for same have been agreed upon is nothing more or less than a ministerial function. There is nothing in the evidence to show that the city ever so much as thought about the matter of summary abatement of a nuisance until this suit was filed. On the contrary, it is expressly shown that all the acts which were done were done for the purpose of permitting the city to construct its sewer line across the property in question.

It is true, as said in this case reported in 29 S.W.(2d) 420, a municipality "has no more authority to invade the legal rights of the citizen than an individual. If the house was on land [as it was not] which belonged to an alley, appellee had no authority to send its agents and forcibly tear down the building and insult and threaten a delicate woman." The city still in such a case had the undoubted right of removal, and at the same time would be responsible to appellees for consequences flowing from any wrongful acts. We have held in the foregoing case that appellant was liable for all illegal acts committed in the removal of the property. A municipality has the inherent right and power to remove obstructions and objects that close its streets and alleys, provided it be done with reasonable care and prudence. Radford Grocery Co. v. City of Abilene (Tex. Civ. App.) 20 S.W.(2d) 255.

The rule is well stated in 46 Corpus Juris at page 759, where it is said: "The state may, in the exercise of its police power, authorize public officials summarily to abate public nuisances. * * * The power must be reasonably exercised, without doing unnecessary damage or injury to property. * * * It has been held that the power of local public officers to abate a public nuisance without statutory or judicial process stands upon the same footing as the power of a citizen."

There is no testimony in the record that Frank Freeland, or any one else, threatened to arrest Mrs. Laura A. Humphreys, and no testimony in the record that any one threatened to turn the fire hose on the building occupied by Mrs. Laura A. Humphreys. There is no testimony in the record showing that Mrs.

Laura A. Humphreys suffered any great mental pain or distress, but, on the contrary, the plaintiffs' own witness testified that such acts would not cause any great mental pain or distress. The undisputed facts show that Mrs. Laura A. Humphreys and I. D. Humphreys had no claim in and to said alley, were naked trespassers therein, and, if there was any injury, the same was caused by their own acts in refusing to vacate said alley upon notice. There is no testimony in the record that the plaintiff I. D. Humphreys was ever informed of any such threats or statements as alleged to have been made to Mrs. Laura A. Humphreys, and there is no testimony showing that he suffered any such great mental pain or distress by reason thereof.

There were no acts of violence, malice, or force that require the condemnation of the parties in damages. The alley admittedly belonged to the city, and it had the right to force its removal.

The motion for a new trial should have been granted. The judgment of the trial court is reversed, and judgment here rendered for appellant.

FLY, C. J.

I agree to the result but cannot agree to the process of reasoning by which such result is reached.