## STATE v. OKLAHOMA RAILWAY CO.

No. 20462. Opinion Filed Nov. 10, 1931.

Geo. E. Merritt and J. L. Carpenter, for appellants.

Shartel & Gilliland, for appellee.

ANDREWS, J. This is a joint appeal from three judgments of the district court of Oklahoma county fixing the amount of

condemnation money in three separate proceedings to condemn state owned land for railroad purposes. The trials were to a jury and the judgments conformed to the verdicts. The state was not satisfied with the amount of the judgments and appealed to this court.

The state contends that the court's instructions to the jury numbered 1, 2 and 3 were erroneous and that there was prejudicial error in the giving of the same. Exceptions were not saved in the manner provided by section 542, C. O. S. 1921, and, under the decisions of this court, those instructions may not be reviewed on appeal. Potter v. Bond, 98 Okla. 135, 224 P. 537; Whitehead v. Cook, 100 Okla. 282, 229 P. 254; Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985; Bennett v. American Nat. Bank of Enid, 130 Okla. 23, 264 P. 912, and Scott v. Scott, 129 Okla. 176, 264 P. 159. In the latter case it was held:

"Section 542, C. O. S. 1921, provides that exceptions to the giving of instructions or the refusal thereof may be taken by a party writing at the close of each instruction, 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by the judge. The requirements of this section are mandatory, and, unless complied with, instructions complained of cannot be reviewed on appeal."

Notwithstanding the failure to save exceptions in the proper manner, the instructions complained of have been examined and we find no prejudicial error in the giving of the same. The instructions taken as a whole fairly state the law of the case.

The contention of the state is that the assessment of the amount of the value of the lands taken was fixed at the actual cash value and that the same should have been fixed at the value of the lands taken and damages to the lands remaining. We think that that was covered by instruction No. 2, wherein the jury was instructed that it must take into consideration the fair, reasonable present cash value of the interest of the state in the lands "and add thereto what damage, if any, is done to the state's interest in said land not taken for right-of-way purposes."

The state contends that the jury should have been instructed that it was "not limited to the actual cash value of the land, but the same should be fixed by them at the value of the lands to be sold under the usual terms that lands are being sold for," and says:

"It would seem that under these conditions these lands especially should not be limited to a cash value when it is condemned for railroad purposes, but that its value should be fixed at the market value of the land, at what could be obtained from it if a sale was desirable, and a purchaser sought, applying the ordinary business methods for finding a purchaser, and considering the most favorable terms that could be offered, to make the lands bring the very best price that could be obtained."

In support thereof the decision in Weiser Valley Land & Water Co. v. Ryan, 190 Fed. 417, is cited. The rule therein stated is not applicable in Oklahoma. Here the rule is otherwise. In Incorporated Town of Sallisaw v. Priest, 61 Okla. 9, 159 P. 1093, this court held the rule to be:

"The measure of damages in condemnation proceedings where private property is taken in the exercise of the right of eminent domain under the statutes of Oklahoma is the market value of the property actually taken, at the time it is so taken, and for the impairment or depreciation of value done to the remainder. And in ascertaining the amount of damages, it is proper, among other things, to consider the inconvenience and annoyance likely to arise in the orderly exercise or conduct of the enterprise which interferes with the use and proper enjoyment of the property by the owner and which sensibly impairs its value."

Therein the term "market value" was used. In Pulaski Oil Co. v. Edwards, 92 Okla. 56, 217 P. 876, this court held:

"* * * In the case of permanent injuries to property, the measure of damages is the difference between the value of the property immediately prior to the injury and the diminished value thereafter. An instruction stating the foregoing rule is not prejudicial because the words 'fair cash value' were used in defining the measure of damages, instead of the words 'fair market value.'"

We see no material difference between "fair cash value" and "fair market value."

In City of Tulsa v. Lloyd, 129 Okla. 27, 263 P. 152, this court held:

"In ascertaining the value of land taken under eminent domain its market value is the test, and not its value for some particular use to which it might be subjected, although its adaptability to a particular use may be considered as one of the factors in ascertaining its market value, and evidence to show such adaptability may be introduced."

In City of Cushing v. Buckles, 134 Okla. 206, 273 P. 346, this court held:

"On condemnation of land for reservoir for city water works purposes, the present market value, and not the value to the owner or to the person seeking to condemn it, is the basis of compensation."

Under those rules the contention of the state is without merit. There was no error in refusing to give instructions requested under that theory.

The state contends that there was error in permitting witnesses to testify as to the value of the preferential right of the lessees in the land. The right of the lessees in the land, whatever that right was, was required to be determined and the value paid, under the provisions of section 5509, C. O. S. 1921. Those rights had been acquired by agreement. In determining the value of the lands taken and the damage to the lands not taken, it was proper to show the value of the property and to deduct therefrom the value of the preferential right of the lessee in order to determine the value of that taken from the state and the damage to that remaining to the state. While the lessee owned no interest in fee of the leased land, the lessee has an interest which must be considered in condemnation proceedings. Magnolia Petroleum Co. v. Price, 86 Okla. 105, 206 P. 1033. But, if there was any error in the introduction of that testimony, it was waived by the cross-examination and by the failure to object thereto on redirect examination. Gafford v. Davis, 58 Okla. 303, 159 P. 490; Bower-Venus Grain Co. v. Smith, 84 Okla. 105, 204 P. 265; and Munding v. Walnut Creek Milling Co., 105 Okla. 124, 231 P. 858. The substance of instruction No. 2 requested was given in instruction No. 1 by the court. For that reason, we find no error in refusing the instruction offered by the state.

An examination of this record discloses that the value of the land taken and the damage to the land not taken were submitted to the jury under proper instructions fairly stating the law applicable to the issues presented, and we find no error for which this cause should be reversed.

The judgments of the trial court are in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. HEFNER, and McNEILL, JJ., absent.

Note.—See under (3), (4) annotation in 49 A. L. R. 700; 10 R. C. L. 128, 129; R. C. L. Perm. Supp. p. 2655; R. C. L. Pocket Part, title "Eminent Domain," § 112.