## CLARK v. CHEROKEE COUNTY ex rel. BD. OF COUNTY COMR'S.

No. 23442.   March 19, 1935.

Vance & Bliss, for plaintiff in error.

B. L. Keenan, for defendant in error.

CORN, J.   This is an appeal from a judgment of the district court of Cherokee county of August 7, 1931, removing plaintiff in error from the office of court clerk of that county. The action was prosecuted by Cherokee county, state of Oklahoma, on relation of the board of county commissioners, hereinafter referred to as plaintiff, upon resolution of July 6, 1931, that proceedings be taken to remove plaintiff in error, Virgil Clark, defendant below, hereinafter referred to as defendant, from office by reason of his failure to account for public funds in his possession, and appropriating funds to his own use and benefit, the same being money belonging to the public received by him by virtue of his office as said court clerk. Pursuant to said resolution and on the same date, plaintiff's petition was filed in said cause, which is as follows:

"Comes now the above-styled plaintiff and for complaint and petition shows the court that under authority of law to make investigations and accusations against county officials, including causes for removal thereof from office, that Virgil Clark, now the duly elected, qualified, and acting court clerk for Cherokee county, Okla., defendant, is guilty of such wrong doing, and maladministration of the fiscal affairs and duties of his office, as would warrant his removal therefrom. And your petitioners would further show the facts of such maladministration, defalcation, and corruption in office to be:

"(1)   That based on an investigation, made by the petitioners, it was shown by evidence that said defendant was during this term of office beginning January 5, 1931, to June 8, 1931, 'short' in his accounts of the public funds that belonged to the county of Cherokee Okla., in the sum of 'about $400'; that, in other words, said defendant, during said period of office, converted from the public funds to his own use the sum of 'about $400'—that is, in common terms, embezzled so much of the public funds. That your petitioners upon such investigation adopted a resolution authorizing this proceeding for the removal of said defendant from office on this and other shortcomings that may be shown in the proof on his final trial for such removal; and a true and perfect copy of said resolution is made a part of this complaint and petition and marked, 'exhibit A.'

"(2)   That the defendant as such public officer has failed to make deposits of his collection of the public funds with the county treasurer of Cherokee county, Okla., as provided and required by section 8621, C. O. S. 1921, and other provisions applicable thereto, in that he failed to deposit such collections when made as required by law, that he used the public funds for his own benefit, and that he made false entries both as to the time, collection and amounts collected of such funds, pass book records of such deposits and false accounts and deposits to the county treasurer of the amounts so collected as required by statute, the commission of said acts being specified in law as a cause for removal, section 8625, C. O. S. 1921, and other provisions applicable thereto.

"(3)   That defendant should be removed from office for acts amounting to corruption in his said office.

"(4)   That defendant should be removed from office on account of the commission of acts amounting to the maladministration of his said office.

"(5)   That the defendant should be suspended at once from his office pending the investigation and trial of him upon this complaint and petition for his removal from office.

"Wherefore, the premises considered, the judgment of this court is prayed for the removal of Virgil Clark, defendant, from the office of court clerk of Cherokee coun-

178

ty, state of Oklahoma, and for such other relief as may be proper in the premises.

"Resolution by County Commissioners.

"Whereas, the board of county commissioners for the county of Cherokee, state of Oklahoma, by authority vested in them under section 2407, C. O. S. 1921, of Oklahoma and other provisions of law have made an investigation as to the fiscal affairs of Virgil Clark, court clerk, and from such investigation it is disclosed that:

"Q. What did Mr. Clark say when you told him about this shortage? A. Nothing, we were interrupted. Q. Did he mention it? A. Well, I did the most of the talking to have it brought up. Q. Do you know approximately how much shortage you discovered? A. About $400.

"Be it thereupon resolved, that accusation be made and proceedings taken in the name of the county of Cherokee, state of Oklahoma, for the removal of Virgil Clark from the office now held by him, to wit: court clerk of said Cherokee county by reason of his failure to account for public funds of said county coming into his hands as such official and his use of said funds for a purpose for his own benefit and in violation of the provisions of the statute in such cases made and provided directing how only such public funds shall be kept and accounted for.

"Be it further resolved, that the district court make an order immediately suspending said Virgil Clark from his office of court clerk pending his investigation and trial of the charges touching his final removal from said office.

"Adopted this 6 day of July, 1931.

"J. D. Wade, Robert Dunn, J. W. Washington,

"Board of County Commissioners."

The defendant filed a demurrer to the plaintiff's petition, which is as follows:

"Comes now the defendant, Virgil Clark, and demurs to the complaint and petition filed herein, and to each paragraph thereof, and for reason that same wholly fails to state a cause of action against defendant and in favor of the plaintiff."

The demurrer being overruled by the court and exceptions allowed the defendant, the defendant entered a plea of not guilty, thus joining the issues in said cause. The case was tried to a jury, and the jury found the defendant guilty on three counts: (1) Failure to make daily deposits; (2) failure to make monthly deposits; and (3) shortage in the sum of about $400.

The defendant filed a motion for a new trial, same being heard, overruled, exceptions allowed, and appeal lodged in this court. The defendant contends that the judgment of the district court of Cherokee county should be reversed by reason of the following errors:

"(1) Error in overruling defendant's demurrer to the plaintiff's complaint and petition; (2) error in admitting incompetent evidence over defendant's objections; and 3 (a) error in overruling defendant's demurrer to plaintiff's evidence; (b) verdict of the jury is not sustained by law and evidence and is contrary thereto. Error in giving instructions Nos. 7, 8, 9, 11, 15, and in the form of verdict submitted to the jury."

The defendant argues his assignments of error under four propositions. We will take the same up in the order presented in his brief:

Proposition 1.

The defendant contends the plaintiff's complaint and petition did not state facts sufficient to present a cause of action against this defendant. Then in his brief he states:

"There is no statement of facts as to when, where or how such shortage is alleged to have occurred."

The record shows that this action was brought by the board of county commissioners, and their right to bring such an action is not questioned by the defendant. The first paragraph of said complaint and petition says in substance that from January 5, 1931, to June 8, 1931, the defendant was short in his accounts of the public funds in the sum of about $400; that said defendant, during that period, had converted from the public funds to his own use the sum of about $400; in common terms, he embezzled that much of the public funds, and that petitioners upon said investigation adopted a resolution authorizing a proceeding for the removal of defendant from office on this and other shortcomings, which appears as part of the petition, and it is further alleged that during said time he had failed to make daily and monthly deposits as required by law. It appears to us the complaint and petition states sufficient facts to present a cause of action against the defendant, and the criticism by the defendant that it states only conclusions and not concrete facts constituting such cause of action is not borne out by the pleading, taken in it entirety.

The argument of the defendant that the accusation is not charged in ordinary and concise language so as to enable a person of common understanding to know what is

intended to be charged is unconvincing. We will test this pleading by the person of common understanding. The defendant was a public officer serving as county clerk of said county, as such officer collected funds which belong to the public, and failed to deposit such funds as he was required to do so by law. The complaint also states, in substance, that he used those funds for his own use and benefit; in other words, he put the money in his pocket instead of making the deposits with the county treasurer.

A general demurrer to a petition on the ground that the facts stated are insufficient to constitute a cause of action, may be sustained only where the petition is so defective that the court is authorized, taking all of the facts as admitted, in concluding that no cause of action is stated, entitling the plaintiff to any relief.

We, therefore, hold that the trial court did not err in overruling defendant's demurrer to the complaint and petition.

#### Propositions 2 and 3.

Defendant contends that the trial court erred in permitting witness Adda Lou Bliss to state her conclusions as to shortage in the account of defendant, for the reason that the records themselves were the best evidence of shortage therein.

The complaint about the witness Adda Lou Bliss stating her conclusions from the evidence and that the court erred in overruling the demurrer to the evidence will be discussed together.

The brief of the defendant, at page 12, cites evidence from pages 87 and 88 of the record, and urges that such evidence is "a mere conclusion of the witness" and is contrary to the rule followed by our Supreme Court, and at page 15 the brief says:

"Defendant submits that the conclusions of the above witness were prejudicial and misleading to the jury, and their admission in evidence over defendant's objections is error."

The complaint to this question and answer is:

"In the other examination, before the commissioners, you estimated a shortage of about $400, didn't you? A. Yes, sir."

After the witness had examined the record, she testified as follows:

"Q. Now, can you tell about how you arrived at the sum of $400? A. Well, just by adding up the receipts and taking—well adding up the deposits."

In other words, the witness tells the jury in explanation of the records she kept as deputy court clerk that she totaled the receipts and totaled the deposits and that the receipts totaled about $400 more than the deposits.

At page 89 the record shows:

"Mr. Vance: Q. And as I understand you, those totals differed in a sum of about $400? A. Yes, sir, a little over $400. Q. That is what you totaled them? A. Yes."

The court at that time ruled that the questioning was for the purpose of refreshing the memory of the witness. In the first instance, it called for something the witness had testified to before the county commissioners and the conclusions of the amount of about $400. The mere statement, if left there, might have been objectionable, but not materially erroneous. But when this statement was followed up with an explanation of how this shortage was computed from the records by comparing the receipts with the deposits, it became a matter of competent evidence. The evidence was plain and undisputed that the total receipts exceeded the total deposits by about $400. For November, 1930, $121; for December, $99.35; for January, 1931, $69; for February, $107.36; for March, $16.50; for April, $12.25; for May, $12.10, and for the month of June was long $465.46.

There is no conflict of evidence in this case. There was a shortage covering a period from November, 1930, to May, 1931, inclusive, amounting to $447.56. During that period there was a complete failure on the part of the defendant to make daily deposits, and likewise to make monthly deposits. The fact that he, in June, deposited more than enough money to cover the shortage that took place during the five months prior thereto, was no defense and was a matter that was passed upon by the jury, and their verdict will not be disturbed by this court, if there is any evidence reasonably tending to support the same, and we find ample evidence to that effect; and hold: The trial court did not commit reversible error in admitting the testimony of Adda Lou Bliss, or in overruling the demurrer of the defendant to the evidence.

Defendant contends in his proposition 4 that the trial court erred in giving instructions 7, 8, 9, 11, 15, all of which permitted a verdict of guilty upon a mere preponderance of the evidence against defendant.

Section 360, C. O. S. 1931, provides:

"A party excepting to the giving of instructions, or the refusal thereof, shall not

be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by the judge."

The alleged error of the court as to erroneous instructions will not be reviewed by this court for the reason the defendant did not comply with the above section of the statute.

It was held in State v. Oklahoma Ry. Co., 153 Okla. 76, 4 P. (2d) 1009:

"Section 360, C. O. S. 1931, provides that exceptions to the giving of instructions or the refusal thereof may be taken by a party writing at the close of each instruction, 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by a judge. The requirements of this section are mandatory, and, unless complied with, instructions complained of cannot be reviewed on appeal."

There being no error in the record of any merit, judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur.