## CITY OF MUSKOGEE v. MAGEE.

No. 26517. March 10, 1936.

Rehearing Denied April 21, 1936.

Application for Leave to File Second Petition for Rehearing Denied May 12, 1936.

Forrester Brewster, for plaintiff in error.

Charles P. Gotwals, John T. Gibson, Wm. A. Killey, and James D. Gibson, for defendant in error.

RILEY, J. This is an appeal from a judgment against the city of Muskogee in an action for damages for personal injury.

The plaintiff was an employee of the city of Muskogee, engaged in sweeping and cleaning the streets, working nights from 9 o'clock p. m. to 5 o'clock a. m.

Plaintiff's duties were to sweep the streets, collect the dust, trash, etc. The city had a Ford truck with dump body in which to gather up and cart away the trash thus collected. In collecting the trash and loading it the truck would be driven or operated by one employee along the street near the curb on the left-hand side of the street, from place to place. Another employee would, with a shovel, scoop up the trash and throw it into the truck. In going from one pile or heap of trash to another the employee whose duty it was to load the trash into the truck would ride on the truck, standing upon the footboard on the left side of the truck. It was while so engaged that plaintiff was injured. The city kept and operated a shop or garage in which its trucks and other machinery used in the street department were repaired.

As to the manner in which he was injured plaintiff alleged:

"* * * That in carrying out said instructions, orders and directions plaintiff, at said time and before said truck started for the next pile of trash, got upon the footboard of said truck holding with one hand to a handhold on a level with his hip and with the other to a projecting piece of wood at the top of the truck cab and directly above the handhold aforesaid; that on attempting to start said truck and engaging the clutch said clutch grabbed suddenly jerking said truck and causing plaintiff to lose his balance because of the inadequate, inefficient, and unsafe handholds supplied by defendant; that in an attempt to regain his balance and avoid falling plaintiff grabbed for the handle on the cab door, but because the catch or lock thereof was out of repair said door came open and plaintiff was thrown to the ground, the left rear truck wheel passed over his left foot and leg severely crushing and permanently injuring plaintiff; that said injury then, ever since and does now cause him excruciating pain and suffering, mental anguish and worry, and has rendered plaintiff unable to perform any labor and/or follow his usual avocation."

The negligence charged against defendant city was:

"* * * That the handholds furnished and placed on said truck by defendant for use of its employees were inadequate, dangerous and unsafe; that the lock or catch on the cab door was broken and unsafe; that the footboard placed on said truck by defendant was too short, was unsafe and dangerous, and should have been extended to a point nearer the rear wheels of said truck; that no fender or other protecting device was placed on or over said rear truck wheels rendering it unsafe and dangerous to ride said footboard, and that the motor clutch of said truck was by defendant permitted to be and remain out of repair and adjustment causing it to grab or suddenly engage at times on starting said truck, all of which was well known to defendant and/or with exercise of reasonable or ordinary care, diligence and inspection could have been known to defendant, and said defendant carelessly and negligently failed and refused to make the reasonable, necessary inspection, repair and adjustments and remedy the same."

Defendant answered by general denial; pleaded assumption of risk and contributory negligence. It also alleged that in removing the trash from the streets the city was acting for the public health and welfare, and while so engaged it was carrying out a governmental function and was not liable for the acts of its employees which caused the injuries to plaintiff.

Reply was by general denial.

The cause was tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $15,000. From this judgment and the order of the court overruling its motion for a new trial, defendant appeals.

One group of assignments of error go to the proposition that the city of Muskogee, in cleaning its streets, was engaged in carrying on its governmental service, and was, therefore, not liable for the negligence of any of its servants or employees, and consequently not liable to plaintiff.

Plaintiff does not base his case upon any alleged act of negligence of any employee of the city in the operation of the truck or upon any other act of negligence connected with the manner in which the actual work of collecting the trash and removing it from the streets was done.

Plaintiff bases his claim entirely upon alleged negligence in matters growing out of the operation of the garage or repair shop

by the city in the maintenance and repair of its trucks. We consider the question of the liability of a municipality in such matters as settled in the cases of Oklahoma City v. Foster, 118 Okla. 120, 247 P. 80, and Oklahoma City v. Haggard, 170 Okla. 473, 41 P. (2d) 109.

It is also contended that the verdict and judgment are contrary to law because there is no evidence of primary negligence.

In this connection defendant cites a number of cases holding to the well-established rule that the mere fact that an injury occurs carries with it no presumption of negligence, and that it is for the injured party to establish, as an affirmative fact, that the defendant has been guilty of negligence, and that to constitute actionable negligence there must be a duty on the part of the party charged, a failure of such party to perform that duty, and an injury to the plaintiff which is the proximate result of failure to perform such duty.

Defendant apparently concedes the rule: "The master is bound to provide a reasonably safe place in which the employee or servant is to work, and also reasonably safe machinery, tools, and implements with which to work."

This is certainly the rule where the master or employer is an individual or private corporation. No case is called to our attention holding differently where the master or employer is a municipal corporation.

In this case defendant city purchased the truck to use in its street cleaning department. Some changes were deemed necessary to make the truck adaptable for such use. There were no fenders over the rear wheels, and the footboard, or running board on the side of the truck, was too short. It extended only as far back as the "cab." An open space of some two or three feet was left between the end of the running board and the rear wheel. It was made some longer, but still a space of some 12 to 16 inches was left open. It was upon this footboard that plaintiff was required to ride in going from one place to another to gather up the trash. A handhold was placed upon the side of the truck upon which to hold while so riding. But this was placed so low as to be only about to a man's hip when standing upon the footboard. A light was attached to the back of the cab and in attaching it a short piece of 2″ by 4″ wood was bolted to the back of the cab. This handhold, the piece of 2″ by 4″ and the door

handle on the outside of the cab door were all that was available to hold on to in riding on the footboard.

It was alleged, and there was some evidence, that the latch on the cab door had been loose and out of repair for sometime so that the door of the cab would not stay closed, thus making it unsafe to hold to the door handle. There was evidence that numerous requests had been made for repair of the door latch, but it had not been made. There was some evidence that the handhold on the side of the truck was so low as to make it unsafe to use it.

There was some evidence that requests had been made for an additional handhold on the top of the cab. The evidence, however, is in conflict as to whether this request was made before or after the plaintiff's injury.

It was alleged that the truck was out of repair in that the clutch was in such condition that it was inclined to "grab" when starting the truck so as to make it start with a sudden "jerk," but there was no evidence to sustain this allegation.

It being conceded that it was the duty of the defendant to use reasonable care and diligence to furnish plaintiff with a reasonably safe place in which to work and reasonably safe tools, implements, machinery, etc., with which to work, the question of whether such care has been used and whether such tools, equipment, etc., furnished are reasonably safe, is one of fact for the jury, considering all the facts and circumstances in evidence.

Considering the whole record, we cannot say that there is no evidence tending to show primary negligence.

Defendant presents a number of conjectures as to how plaintiff might have been injured without reference to the condition of the truck. Plaintiff testified relative to the injury as follows:

"He stopped and I picked up one or two piles. There was one down further and we picked it up and another one and when we drove to pick this one up there was a car parked against the curb, so I got off the truck and picked it up and threw it in the truck and got on the running board and Mr. Cotrell started to drive away and heretofore it was we could hold our hand on the sill or plate of the car door, but this night the glass was closed and the door was loose too and I couldn't hold, so I grabbed on to the two by four that I spoke of awhile ago and when he started the truck up it jerked.

Those brakes stuck and of course that unbalanced me and of course I was like anyone else, I tried to hold to the truck and of course he was going around that car that was parked on the curbing and that was taking the truck away from me, swinging around that car. I thought I could catch to the door handle and the driver jerked it to and I missed that and I fell and this rear hind wheel got me."

There is no question as to the extent and seriousness of plaintiff's injury, and there is no contention that the amount of recovery is excessive.

Defendant contends that the court committed reversible error in admitting certain evidence of placing a handhold on the top of the cab after the injury occurred. Such evidence is as a rule considered objectionable, and its admission is not to be commended, and when offered as proof of primary negligence it should be rejected. But it is not in every case held to be reversible error. The error may be waived by cross-examination of the witness upon the same question, or by failure to object thereto on redirect examination.

In this case, when similar evidence was offered in an apparent attempt to prove primary negligence, it was rejected. Subsequently a controversy arose as to the condition of the truck at the time and prior to the injury, particularly as to the footboard and the location of the handhold that was admittedly upon the truck at that time. During the trial photographs of the truck were made and offered in evidence. In explanation of the photograph, the witness was permitted to testify that the handhold shown in the photograph on top of the cab was placed there after the accident occurred. After objection was made, counsel directed the attention of the witness to the fact that he was inquiring about the condition of the running board. Thereafter, defendant, by its own witnesses, went fully into the question and showed by its own witness that the handhold in question was placed on top of the cab after plaintiff was injured.

If there was any error in admitting the evidence in the first instance, it was waived when defendant in its own behalf went into the question and introduced evidence to the same effect. State v. Oklahoma Ry. Co., 153 Okla. 76, 4 P. (2d) 1009.

In Gafford v. Davis, 58 Okla. 303, 159 P. 490, it is said:

"It has frequently been held that a party cannot complain of the admission. of evi-

dence over his objection where other evidence of the same tenor was admitted without objection."

A number of cases are cited in support of the statement there made.

If permitting other evidence of the same tenor waives the error, certainly such error is waived by the objecting party himself putting in evidence exactly the same evidence on the same question.

Finally it is urged that the court erred in its instructions to the jury.

Over the objection of defendant, the court gave instruction No. 3:

"You are instructed that if you find it was the duty of plaintiff to ride on said truck in the performance of his duties and said truck was not equipped with a proper place for plaintiff to stand on said truck and to hold on to prevent his falling from said truck, then you will return a verdict in favor of the plaintiff."

Instructions of this kind, and even less objectionable, have often been held prejudicial error.

In Dolese Bros. Co. v. Smith, 42 Okla. 452, 141 P. 775, it is held that an instruction which told the jury, "It was the duty of the defendant to furnish the plaintiff a safe place to work and safe tools to do the work with," was erroneous, "because it lays upon the master a higher degree of duty than the law imposes."

In the opinion the true and correct rule is stated to be:

"The master is bound to exercise reasonable care and diligence to provide a reasonably safe place in which the employee or servant is to work, and also reasonably safe machinery, tools and implements with which to work and to supply him with reasonably safe material on which to work."

In Hines v. Dean, 96 Okla. 107, 220 P. 860, the jury was instructed:

"The court instructs the jury that if you conclude that the defendant failed to give the signals required by the statute and hereinbefore explained to you as a matter of law, the plaintiff would be entitled to recover such damages as you may conclude she has sustained, unless you further find from the evidence in the case that the plaintiff was guilty of negligence which contributed to the injury."

The instruction was held to be error because the trial court did not advise the jury that failure to perform the statutory duty must have been the proximate cause of the injury to the plaintiff.

Defendant complains of the instruction given (quoted above) because it failed in any way to state the legal standard of duty owing by defendant to plaintiff, in that it did not inform the jury that the degree of care required of defendant was "reasonable care" to provide "a reasonably safe" place for plaintiff to stand on said truck and "reasonably safe handholds, etc.", and because it wholly failed to tell the jury that failure of defendant in this regard must have been the proximate cause of plaintiff's injury.

Our attention is called to the rule that instructions are to be taken as a whole, and where one instruction standing alone is inaccurate or incomplete and such inaccuracy or incompleteness is cured by other instructions and it is apparent that the jury had not been misled, a case will not be reversed because of such inaccurate and incomplete instruction, and that no particular paragraph should be singled out and given an interpretation which some other paragraph or paragraphs clearly show was not intended. First Nat. Bank v. Dickerson, 119 Okla. 103, 245 P. 54; Collum v. Stokes, 146 Okla. 176, 293 P. 1036.

It is true that the instruction complained of made no mention of the degree of care required of defendant, and standing alone might be said in effect to make defendant an insurer of plaintiff's safety while standing on the footboard of the truck, and that without regard to whether the injury to plaintiff was the proximate result of defendant's negligence.

We must then look to the other instructions to determine whether the defects were cured.

Instruction No. 4 told the jury:

"You are instructed that if you find from the evidence that the plaintiff was employed by the defendant and that from custom, consent or agreement of the defendant to transport the plaintiff in the performance of his duties in the street department to the various places on the street where plaintiff's duties called him, then it was the duty of defendant to use reasonable and ordinary care to furnish the plaintiff with a reasonably safe car or conveyance on which to be transported in the performance of his duties, and that said car should be equipped with ordinary care to provide for the safety of the plaintiff in riding or being carried on said truck and reasonably safe handholds for plaintiff to hold on to the said truck. And if you find that the defendant failed to do so, it would be negligence on the part of the defendant, and if the plaintiff suffered injuries by rea-

son thereof the defendant would be liable to him for such injuries so sustained, unless you should find from the evidence that plaintiff assumed the risks arising from such defects, if any, as hereinabove defined."

Therein the duty of defendant was clearly defined.

Instruction No. 6 reads:

"You are instructed that defendant is not an insurer of the safety of plaintiff and is not required to furnish tools or appliances so constructed that no injury can be inflicted, but defendant is only required to furnish such appliances and equipment reasonably safe and free from dangerous defects and so constructed that the same may be used in the exercise of ordinary care by the person using the same with reasonable safety."

Therein the jury was told in plain language that defendant was not an insurer of the safety of the plaintiff, and was not required to furnish tools and appliances absolutely safe.

Instruction No. 4, however, is challenged because it made no mention of contributory negligence. That question was also presented by a separate instruction clearly stating the law.

Viewing the record as a whole, and the instructions as a whole, it is clear that the jury could not have been misled by instruction No. 3.

The judgment is affirmed.

OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, and CORN, JJ., concur. McNEILL, C. J., and WELCH, J., absent. GIBSON, J., not participating.