## CITY OF HOUSTON v. SHILLING.
### No. 12205.

Court of Civil Appeal of Texas. Galveston.
July 27, 1950.

Rehearing Denied Dec. 14, 1950.

Second Motion for Rehearing Denied
Jan. 4, 1951.

Third Motion for Rehearing Denied
Jan. 25, 1951.

———◆———

Will Sears, Houston, Richard H. Burks, Houston, and Austin F. Anderson, City Atty., and W. Ray Scruggs, Asst. City Atty., of San Antonio, for appellant.

Bracewell & Tunks, J. S. Bracewell and Joe H. Reynolds, all of Houston, for appellee.

GRAVES, Justice.

Appellee, Mrs. Birdie Shilling, instituted this suit in the District Court of Harris County, Texas, against the City of Houston, appellant, to recover damages for personal injuries received in a collision between an automobile, which was being driven by appellee, and a garbage truck, which was engaged in collecting garbage in the City of Houston, and operated by one of its employees. As the result of a trial to a jury, judgment was rendered in favor of appellee for the sum of $61,000, together with 6 per cent interest.

It was undisputedly shown that the City operated, through its employees, a garage exclusively for the automotive equipment used in the maintenance of its Garbage Department. Under the issues submitted to the jury, and upon evidence deemed by this court to have been sufficient, it found, among others, these facts: (1) That the City was negligent in its operation of the garage, in that it failed to either properly inspect, or to repair, the brakes of the truck, which it so used, before sending it out; (2) that these brakes were in such a defective condition as to have constituted a proximate cause of the collision, and did do so; (3) that the City's employee so driving its truck was traveling at a rate of speed which was negligent, as well as in violation of safety-rules in several other particulars; and (4) that in so driving the truck at the

time, such employee did not have a license, permitting him to operate a motor vehicle in this State, which fact the City of Houston knew of at the time.

The controlling point of difference between the parties as to the law of the case, both in the trial court, and on this appeal, is whether or not the City—in such operation of its garage, and its garbage truck used in connection therewith—was acting and engaged in a governmental, or a proprietary, function at the time of the accident so forming the subject-matter of the suit.

Since that question, at all events, dominates the appeal, it is deemed beyond the requirements to follow the briefs and the record into the extended ramifications that were indulged in below, and have been repeated here.

The stated difference between the parties is plainly and clearly brought out in their points-of-error, and counterpoints, under which their several arguments are presented to this court.

The appellant, on its side, insists that the City in such operation of its Garbage Department and its ancillary garage, in connection therewith, was exercising a governmental function, which completely relieved it of liability for the negligence of its employees, so declared upon by the appellee herein; whereas, the appellee, in her turn, puts her contention this way: "The operation of the garage by the City, as shown by the record in this case, was a proprietary function, and, since the undisputed evidence and the findings of the jury show that plaintiff's injuries were proximately caused by the negligent operation of the garage, the City is liable therefor."

The line-up of the parties for authorities in support of their respective positions is likewise pointed and distinct, to this effect:

The appellant thus states its reliance upon Texas authorities for its position, to wit: *"This entire case is wholly governed by the decision in City of Fort Worth v. George, 108 S.W.2d 929.* This case was decided in the year 1937 by the Fort Worth Court of Civil Appeals, and the opinion was written by Judge Speer. The Supreme Court refused a writ of error, and later affirmed the principles of law laid down in the George case, as shown below."

The appellee, on the other hand, states her contention as to the state of the decisions in Texas in this way: "Although the exact point has not heretofore been decided by any Appellate Court of Texas coming to our attention, we think that the applicable rule has, in effect, been determined by the cases of the City of Amarillo v. Ware, 1931, 120 Tex. 456, 40 S.W.2d 57; City of McAllen v. Humphreys, Tex.Civ.App.1931, 40 S.W.2d 241; City of Panhandle v. Byrd, Tex.Civ.App.1935, 77 S.W.2d 904 and Jones v. City of Texarkana, Tex.Civ.App.1937, 100 S.W.2d 198, 199."

This court is constrained to hold that the precise point of legal difference between the parties here has not been heretofore authoritatively determined by our Supreme Court; in other words, that the City v. George case, supra, so relied upon by the appellant, may be distinguished upon its facts from this cause; and, further, that the operation of a garage by a city for the repair of automotive equipment may, therefore, be properly held to be in this State a proprietary rather than a governmental function, irrespective of the fact that such a garage is or may be operated by the Garbage Department, which is performing a governmental function, as appellant contends.

In other words, it is thought that the authoritative rule applicable in this instance is the one thus stated in Volume 38, Amer. Jur., page 321: "It has been held that where a municipality operates a garage or repair shop for the purpose of repairing motor vehicles used in connection with the police department, although it places the same under the control and supervision of a police officer, it is, nevertheless, insofar as the repair and maintenance of its motor vehicles is concerned, acting in a corporate or ministerial capacity." See, also, Oklahoma City v. Foster, 118 Okl. 120, 247 P. 80, 47 A.L.R. 822.

The procedural and other rulings of the trial court, after a painstaking examination of the record in connection therewith, are not thought to involve any reversible error; at least, it is held, that none of them amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment against it herein; rule 434, Texas Rules of Civil Procedure.

Further discussion is deemed unnecessary, since these conclusions are thought to determine the controlling merits of the appeal.

Pursuant thereto, the trial court's judgment will be affirmed.

Affirmed.

## On Appellant's Motion for Rehearing.

The original opinion in this cause was short and to the point. It held that, notwithstanding the apparent closeness of the question in Texas, the City was responsible in its proprietary capacity for the negligence of its employees in causing the damages herein involved, in that it was maintaining a repair-department for the trucks and automobiles used by its employees in taking up garbage on the streets of Houston.

In this instance, the driver of the truck involved was a careless Negro, who was shown to have been well-nigh, if not in fact, criminally negligent in the manner in which he caused the damages to the injured lady; in fact, as the original opinion recited, he was shown to have had no license even to drive an automobile at all, and the City was shown to have known in advance about that fact, as well as his other acts of incompetency, and the defective condition of the truck.

In the circumstances thus here involved, it would seem to this Court to be going beyond any specifically-declared authority to extend the generally-recognized immunity from the negligence of its employees a city enjoys while it is engaged in governing its citizens to the extent of holding that— through this employee in the stated circumstances—it was engaged in a non-responsive governmental enterprise.

The entry into this cause of The City of San Antonio, as Amicus Curiae, has been much appreciated; but its brief cites no authorities, except Volume 6 of McQuillan on Municipal Corporations, Second Edition, Revised Volume 6, Page 1045, et seq., and urges that text in connection with the general principle of the exemption from liability of a city's activities in pursuit of governmental functions; whereas, the single question at issue here is whether the operation of a garage for the repair of motor-vehicles is a proprietary and not a governmental function.

These additional authorities are cited, in further support of the original opinion herein, wherein the States of Oklahoma, Michigan, Nebraska, and California appear to hold that such a performance as was here enacted cannot, in law, protect a city from liability for the negligence of its employees. City of Oklahoma City v. Haggard, 170 Okl. 473, 41 P.2d 109; City of Muskogee v. Magee, 177 Okl. 39, 57 P.2d 252; Levin v. Omaha, 102 Neb. 328, 167 N.W. 214; Bertiz v. City of Los Angeles, 74 Cal.App. 792, 241 P. 921; Bathke v. Traverse City, 308 Mich. 1, 13 N.W.2d 184.

This Court is, therefore, constrained to overrule the motion for rehearing.

Refused.

## On Appellant's Second Motion for Rehearing

This Court has for the third time carefully considered this appeal; this time in response to the City's ably-urged second motion for rehearing.

It is still unconvinced, however, that a reversal should be ordered herein, as so prayed for by the City; indeed, its further re-examination of the record has convinced it of error upon its own part in not having rested its two prior holdings for an affirmance of the trial court's judgment upon the further ground urged by the appellee herein, under her third and fourth

**932**

counter-points set out in her brief, to the effect that, under the weight of the credible evidence and the findings of the jury herein based thereon, the City's truck as so manned by its negligent employee constituted a nuisance in law, or an instrumentality so essentially dangerous to the public, as to have rendered the City liable for the injuries caused thereby to the appellee, irrespective of whether or not it was engaged in a strictly governmental, or a like proprietary, function at the time.

The authorities, quite generally, are thought to clearly support this additional conclusion, under the legal equivalent of the facts so overwhelmingly, if not undisputedly, developed, as the same were—in brief summary—stated in both the prior opinions of this Court.

Indeed, those cited at the top of page 3, of this Court's original opinion, 235 S.W.2d 930, it is thought, so hold.

There may be added thereto these further citations: Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499; Article 827a, Sec. 9, Par. 5, of Vernon's Penal Code of Texas; Sec. 2 of Subdivision II, of Article 6687b, Vernon's Annotated Revised Civil Statutes; Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587; 31 Tex. Jur., 412; Secs. 36, 37 & 44, of Article 6687b, Vernon's Ann. R.C.S. of Texas; and Secs. 132 & 143 of Article 6701d, Vernon's Ann. R.C.S. of Texas.

█ Where the City operates and maintains a nuisance, there is no doubt of its liability. City of Fort Worth v. Crawford, 64 Tex. 202, 2d., 74 Tex. 404, 12 S.W. 52; Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565; Bates v. City of Houston, Tex.Civ.App., 189 S.W.2d 17, error ref.; Kling v. City of Austin, Tex.Civ.App., 62 S.W.2d 689; City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761; Vanderford v. City of Houston, Tex.Civ.App., 286 S.W. 568 and Russell Const. Co. v. Ponder, 143 Tex. 412, 186 S.W.2d 233. The second motion for rehearing is accordingly refused.

Refused.