## LINDSAY v. CHICAGO, R. I. & P. RY. CO.

No. 5152.   Opinion Filed March 7, 1916.

(155 Pac. 1173.)

1.   **LIMITATION OF ACTIONS—Commencement of Period—Wrongful Death.** In an action for death caused by wrongful act, under the federal Employers' Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, secs. 8657-8665]), the statute of limitations begins to run from the time of death, and not from the time of the act which caused the death.

2.   **SAME—Pleading—Demurrer.** Where a petition upon its face does not show that a cause of action is barred by the statute of limitations a demurrer urged specially upon that ground should be overruled.

(Syllabus by Collier, C.)

*Error from District Court, Le Flore County;*
*W. H. Brown, Judge.*

Action by Florida Lindsay, administratrix, against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

C. E. Wells and H. H. Smith, for plaintiff in error.

C. O. Blake, R. J. Roberts, W. H. Moore, and K. W. Shartel, for defendant in error.

Opinion by COLLIER, C. This is an action brought by plaintiff in error, as administratrix of the estate of James Lindsay, deceased, against the defendant in error, to recover damages for the death of plaintiff's intestate, an employee engaged in interstate commerce at the time he received the injury which resulted in his death. This appeal is upon a transcript, and the material part of the record to be reviewed is the petition and demurrer thereto. The salient point in the petition is found in the fourth paragraph thereof, which paragraph reads as follows:

"That on or about the 1st of July, 1910, on defendant's passenger train No. 41, which number and name of said train is unknown to this plaintiff, between the city of Oklahoma City, Okla., and the city of Amarillo, in the State of Texas, at about the town of Weatherford, going next in the State of Oklahoma, the said deceased, James Lindsay, was attempting to close a vestibule door on the coach of the defendant's passenger train, and had just prior thereto let out passengers on the defendant's passenger train from said coach, when the trapdoor, which trapdoor covers the space above the steps of said passenger coach, and when raised for the egress of passengers attaches by a spring or latch, which works automatically when raised and turned back, and is held secure in its place until let down by the person operating the same; that it is customary in the operation of the doors to said coach to close the outer door first, and then close the trap-

door in said vestibule in said coach, so that it is necessary in closing the outer door to stand on the side of the steps of the said coach, which are covered by the said trapdoor, and while closing the outer door the said trapdoor suddenly fell and caught the said James Lindsay's foot, and precipitated him, by reason thereof, together with the motion of the train, backwards, and his back struck the arm or railing of the said coach, and was therefrom injured and bruised, and the ribs attached to the left side of his lower backbone were broken, and a piece of the said ribs or backbone was shivered, and remained in and around said backbone and ribs, which was thereafter extracted, but from which injuries the deceased thereafter died, together with the injuries caused to his left foot, a more particular description of said injuries at this time plaintiff is unable to allege; that said injuries to the back of said deceased, James Lindsay, was such that it was necessary thereafter to have an operation performed on the said James Lindsay, to relieve the conditions which existed there by reason of the injury, but which did not relieve him, and he died about 24 hours after said operation, as a result of the injuries received on account of the negligence of the defendant."

Which said paragraph was amended so as to make it read the 1st of July, 1909, instead of the 1st of July, 1910, the date on which the injuries resulting in death were received.

To the said petition the defendant interposed a general demurrer. A controversy arose as to the correctness of the record originally filed in this case, and thereupon an order was made by this court to correct the record, which was done. But this correction does not materially change the pleadings in this case. The court sustained the demurrer, and plaintiff declined to plead further, and elected to stand upon her petition, and thereupon judgment was rendered for the defendant. To reverse said judgment this

appeal is prosecuted. The corrected record in this case is properly certified by the clerk of the court as being a full, true, and correct transcript of the record, and under the seal of the clerk.

This action is brought under the federal Employers' Liability Act, which provides:

"That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." (U. S. Comp. St. 1913, sec. 8662.)

The only contentions argued by defendant in its brief are: That the transcript is not a transcript within the meaning of the statute, and that the action is barred by the statute of limitations. We are unable to agree with the contention of the learned attorneys for the defendant in error that the transcript is not sufficient to give this court jurisdiction of this appeal, and also that the action is barred by the statute of limitations. We are also unable to agree with the assertion of the defendant that the statement made by plaintiff's attorney in arguing the case to the trial court can in any way affect the questions as to the sufficiency of the pleadings, as we must look alone to the pleadings in the case to determine whether or not the court erred in its ruling thereon. The action must be brought "within two years from the day the cause of action accrued." We are of the opinion that, where the action is for death, as in the instant case, a correct interpretation of the time the cause of action accrued is that the action accrued at the time of the death.

"Must the action be brought within two years from the date of his injury or within two years from the date of his death? A little consideration of this question will show that the suit can be brought within two years after the death, and that the date of the injury is immaterial in

this respect. While the injured person was alive he could have no administrator, nor could his parents, wife, children, or next of kin, dependent upon him bring an action because of his injuries. * * * It necessarily follows that the statute begins to run from the date of the death of the injured person." (Thornton's Federal Employers' Liability Act [3d Ed.] 232; *Partee v. St. Louis & S. F. Ry. Co.,* 204 Fed. 970, 123 C. C. A. 292, 51 L. R. A. [N. S.] 721; *Winfree v. Northern Pac. Ry. Co.,* 173 Fed. 65, 97 C. C. A. 392, 44 L. R. A. [N. S.] 841; *L. S. & M. S. Ry. Co. v. Dylinski,* 67 Ill. App. 114.

"The better rule seems to be that the statutes of limitation begin to run against the statutory right of action for death by wrongful act only from the time that such death occurred." (13 Cyc. p. 398, c. 2.)

"The general and reasonable rule is that the statute runs from the time of death, and not from that of the injury." (8 Ruling Case Law, sec. 82, p. 803.)

The averment in said paragraph of the petition quoted that he died about 24 hours after said operation was performed, without stating when said operation was performed, does not in any way point to the time of the death. It therefore does not appear from the face of the petition that the death of the said intestate occurred two years prior to the bringing of this action.

It is admitted in the brief of the defendant that "the rule, of course, here established is that before a petition can be held bad upon demurrer upon the grounds of the statute of limitations such bar must appear upon its face," and we are of the opinion that, the date of the death of said intestate not appearing upon the face of the petition, the court committed reversible error in sustaining the demurrer.

"Where a petition upon its face does not show that the cause of action is barred by the statute of limitations, a demurrer thereto, urged specially upon that ground, should be overruled." *(Tucker v. Hudson et al.,* 38 Okla. 790, 134 Pac. 21.)

"The question of statutory bars is a matter of defense, and, unless the pleadings show upon their face that the cause of action cannot be maintained, they must be specifically pleaded." *(Mitchell v. Ripley,* 5 Kan. App. 818, 49 Pac. 153.)

This case should be reversed and remanded.

By the Court: It is so ordered.