## SEABOARD AIR-LINE RAILWAY v. BROOKS, administratrix.

Where a suit to recover damages for the homicide of an employee of a
railway company is brought under the Federal employer's liability
act by the administratrix of the deceased employee, the action is
barred by the statute of limitations where it was commenced more
than two years after the date of the homicide sued for, but within
two years from the date of the appointment of the administratrix.

No. 2364. JUNE 17, 1921.

Question certified by Court of Appeals (Case No. 11707).

*Randolph & Parker, J. Glenn Giles,* and *S. F. Parham,* for
plaintiff in error.

*J. Caleb Clarke* and *Westmoreland & Smith,* contra.

GILBERT, J. The Court of Appeals certified the following ques-
tion to this court for instructions: "Where a suit to recover
damages for the homicide of an employee of a railway company
is brought, under the Federal employer's liability act, by the ad-
ministrator of the estate of the deceased employee, is the action
barred by the statute of limitations where it was commenced more
than two years after the date of the homicide sued for, but with-
in two years from the date of the appointment of the administra-
tor?" The limitation provided in section six of the Federal em-
ployer's liability act as amended is as follows: "No action shall
be maintained under this act unless commenced within two years
from the day the cause of action accrued." 8 U. S. Comp. Stat.
9432, § 8662. In 2 Roberts on Federal Liability of Carriers,
1142, the author declares that "a hopeless diversity of opinion
exists among the courts construing State statutes giving rights
of action for death, as to whether statutes of limitation begin to
run from the date of the death or from the subsequent date of
the appointment of an administrator." The author might well
have stated further that the decisions of the courts of last resort
of the States, some of which contain able and elaborate opinions,
have often been by divided courts. The statutes in the different
jurisdictions vary in their terms and phraseology, and "there is a
resulting diversity of opinion as to whether the period within which
suit must be commenced is to be computed from the time of the
injury, the date of the decedent's death, or the time when a per-
sonal representative is appointed." 8 R. C. L. 803, § 82. *At-
lantic &c. R. Co.* v. *McDilda,* 125 *Ga.* 468 (54 S. E. 140, 114
Am. St. R. 240); *Chapman* v. *Central Ry. Co.,* 20 *Ga. App.* 251,

254 (92 S. E. 1025). In Fowlkes *v.* Nashville & Decatur R. Co., 56 Tenn. (9 Heisk.) 829, based upon the Tennessee statute providing that the suit should be commenced " within one year after the cause of action accrues," it was held that the statute began to run from the time of the injury. In Sherman *v.* Western Stage Co., 24 Iowa, 515, 554, and Murphy *v.* C., M. & St. P. R. Co., 80 Iowa, 26 (45 N. W. 392), based upon the Iowa statute providing that the suit should be commenced within two years after the cause of action " accrues," it was held that the statute began to run from the time of the injury. In Rugland *v.* Anderson, 30 Minn. 386 (15 N. W. 676), based upon the Minnesota statute providing that the action must " be commenced within two years after the act or omission by which the death was caused," under the stipulated facts the injury was inflicted August 5, 1880, and death ensued on that day; an administrator was appointed on September 18, 1880, and the action was begun on August 30, 1882; a motion by the defendant for judgment on the pleadings was denied, but no ruling was expressly made upon the question as to the time from which the statute began to run. In Crapo *v.* Syracuse, 183 N. Y. 395 (76 N. E. 465), s. c. 184 N. Y. 561 (76 N. E. 1092), based upon the New York statute providing that the action " must be commenced within one year after the cause of action therefor shall have accrued," it was held, three of the seven judges dissenting, that the cause of action did not accrue until the appointment of an administratrix. The dissenting opinion of Judge Vann is particularly clear and convincing that the cause of action accrues on the death. In Andrews *v.* Hartford & New Haven R., 34 Conn. 57, based upon the Connecticut statute providing that suit must be " commenced within one year after the cause of action shall have arisen," it was held that the statute did not begin to run until the appointment of administrator. Immediately after this decision the legislature passed an act providing that the statute should run from the date of the death. In Hanna *v.* Jeffersonville R. Co., 32 Ind. 113, based upon the Indiana statute providing that " the action must be commenced within two years," it was held that the limitation began to run from the date of the death. In Louisville & Nashville R. Co. *v.* Sanders, 86 Ky. 259 (5 S. W. 563), based upon the Kentucky statute providing that suit " shall be commenced with-

in one year next after the cause of action accrued," it was held that the statute began to run from the date of the death. In Lindsay v. C., R. I. & P. R. Co., 56 Okla. 234 (155 Pac. 1173), a suit under the Federal statute, it was held that the limitation began to run from the date of the death. See also Thornton on Federal Employer's Liability Act (3d ed.), 232, § 158; Richey on Federal Employer's Liability Act (2d ed.), 230; Tiffany on Death by Wrongful Act, § 122; Roberts on Federal Liability of Carriers, 1142, § 650; 17 C. J. 1237, § 84. The law which we are called upon to construe, being an act of the United States Congress, presents a Federal question. On all such questions the Supreme Court of the United States is the highest authority and its decisions are final. Because there is an absence of direct adjudication on the precise point by the Supreme Court of the United States, it becomes the duty of this court to " determine the question by the exercise of its own judgment, enlightened by the best available authorities." Black's Judicial Precedents, 346, 347.

At common law no recovery could be had for an injury resulting in death, because the right of action died with the person. As stated in Morrison v. B. & O. R. Co., 40 App. D. C. 391 (Ann. Cas. 1914C, 1028) : " The act in question creates the liability where none existed, and takes away defenses formerly available. Coupled with this enlargement of the liability of common carriers is the limitation that no action shall be maintained under the act, ' unless commenced within one year [as amended two years] from the time the cause of action accrued.' The ordinary statute of limitation confers upon a defendant the privilege of interposing a definite limitation of time as a bar to the enforcement of a liability existing independently of the statute defining the limitation. Such statutes, therefore, are merely limitations of the remedy. Statutes like the present are more. They create a right of action conditioned upon its enforcement within the prescribed period. The legislature, having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential. ' The time within which the suit must be brought operates as a limitation of the liability as created, and not of the remedy alone. It is a condition attached to the right to sue at all. . . Time has

been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations. of the right." As stated by Mr. Tiffany, "inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy, but is of the right of action itself. . . It is said that no exception can be alleged to excuse the delay." Tiffany on Death by Wrongful Act, § 121. The author proceeds to show that when the limitation prescribed mentions a certain period, such as " after the death," or after the injury, no confusion results; but when the period is within a specified time after the cause of action " accrues," the necessity for construction in connection with the other provisions of the particular statute arises. It is also shown that the recovery by the personal representative is for the benefit of designated relatives, and does not become a part of the estate of the deceased, and such personal representative is a mere nominal party, whose only duty on receipt of the proceeds of a recovery is to pay the same to the proper beneficiaries. It is generally agreed that where a recovery is sought by a personal representative for the benefit of the " estate of the deceased person," the cause of action does not accrue until the appointment of an administrator, because until then there is in existence no person capable of suing. Thus far the principles announced in practically all of the cases " go along together." The Supreme Court, as stated above, has not directly decided the question. The Federal circuit courts are not in harmony. In Bixler *v.* Penn. R. Co., 201 Fed. 553, it was held that the limitation began to run from the death of the employee; while in American R. Co. *v.* Coronas, 230 Fed. 545 (144 C. C. A. 599, L. R. A. 1916E, 1095), it was held that the limitation began to run only when administration was granted. The Coronas case contains an elaborate opinion which discusses and reviews practically every case presented in the briefs of both parties to the present case, including the Bixler case. Many of the cases cited in the Coronas case deal with ordinary statutes of limitation. If the limitation with which we have to deal were in an ordinary statute applicable to a suit for recovery of a judgment for the benefit of the estate of a deceased, which view we have rejected, it would

necessarily follow that it begins only with the appointment of an administrator. The case of M., K. & T. *v*. Wulf, 226 U. S. 570 (33 Sup. Ct. 135, 57 L. ed. 355, Ann. Cas. 1914B, 134), would seem to be a physical precedent sustaining the Bixler case and opposed to the Coronas case. This case was originally brought by the mother of the deceased son in her individual capacity, and the suit was filed within two years from his death. After the expiration of the two years she amended her petition, alleging that she was suing both in her individual capacity and as administratrix. The company denied her right to proceed in her individual capacity, and excepted to that portion of her petition making her a party as administratrix. The ground of objection was that the amendment making her a party in that capacity " was more than two years from the time the alleged cause of action accrued. The cause of action, if any, was barred by the limitation of two years." The court, notwithstanding, did not expressly decide the question as to when the cause of action accrued. It merely decided that the amendment was properly allowed, that it related back to the original filing, and was not equivalent to the commencement of a new cause of action, so as to render it subject to the two years limitation prescribed by section six of the employer's liability act; that the change was in form rather than in substance. A similar case for an injury where death did not result was before this court, based upon the Federal employer's liability act. The ruling in the Wulf case was there followed. *Gainesville Midland R. Co.* v. *Vandiver,* 141 *Ga.* 350 (80 S. E. 997). The case of *Atlantic &c. R. Co.* v. *McDilda,* supra, was an action by the widow against the railroad company for the negligent homicide of her husband, based upon the Georgia statute. The homicide occurred September 1, 1899, and the suit was filed September 7, 1901. The defendant demurred to the petition, and one of the grounds was that the right of action was barred by the statute of limitations. Presiding Justice Cobb in the opinion said in part: " There is no statute which in its very terms is applicable to suits of this character. . . It is therefore to be determined under what provision of the limitation laws of this State a cause of action of the character now under consideration will fall. . . We think it comes within that provision which is now contained in the Civil Code, § 3900 [Civil Code of 1910, §

4497], which declares, 'Actions for injuries done to the person shall be brought within two years after the right of action accrues.'" The court, having reached the conclusion that the action was one for an "injury done to the person," held that it must be brought within two years after the date of the death of the person injured. The Georgia statute of limitations, upon which the last-cited decision was based, uses the words "right of action accrues." The Federal statute employs the words "cause of action accrues." Both necessarily mean the same thing. Reasoning by analogy, in the absence of binding authority, we must follow the principle as ruled in the *McDilda* case. In this State a void petition cannot be amended so as to give life to an action which, without such amendment, would be absolutely without life; for it has been said that "a void thing is not a 'suit' or 'case'" within the meaning of § 4381 of the Civil Code. *Edwards* v. *Ross,* 58 *Ga.* 147 (3); *Williamson* v. *Wardlaw,* 46 *Ga.* 126; *McClendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219, 224 (28 S. E. 152); *Southern Ry. Co.* v. *Goodrum,* 115 *Ga.* 689, 690 (42 S. E. 49); *Cain* v. *S. A. L. Ry.,* 138 *Ga.* 96, 97 (74 S. E. 764). The Federal act provides in terms that the suit for the death of an employee shall be brought by the "personal representative," and it has been held that the right of recovery was in the personal representative of the deceased, and no one else could bring the action. American R. Co. *v.* Birch, 224 U. S. 547, 556, 557 (32 Sup. Ct. 603, 56 L. ed. 879); M., K. & T. R. Co. *v.* Wulf, supra; St. Louis & S. F. Ry. *v.* Seale, 229 U. S. 156, 158 (33 Sup. Ct. 651, 57 L. ed. 1129, Ann. Cas. 1914C, 156). The Wulf case cannot be harmonized with the above-cited cases on the theory that the original suit was void. It can be understood and harmonized on the theory that it was a defective suit, subject to dismissal on motion, but capable of perfection by amendment, and curable by verdict if permitted to proceed without challenge. In American R. Co. *v.* Deidrickson, 227 U. S. 145 (33 Sup. Ct. 224, 57 L. ed. 456), the suit was brought by the surviving parents of the employee. One of the defenses made by the answer was that the plaintiffs were not suing as administrators, and therefore had no right to maintain the action. Plaintiffs moved to amend by alleging their due appointment as "personal representatives of deceased." The defendants excepted. The case went to the jury

on the issue of whether the plaintiffs were in fact personal representatives as alleged, as well as on the other issues. The court gave no instructions upon the issue of capacity to sue, and there was a general verdict for the plaintiff. The Supreme Court said: "Where the plaintiffs in an action under the employer's liability act are the sole beneficiaries under the statute, a general verdict in their favor, without instructions on this point, overcomes the objection of lack •of capacity to sue." We conclude from what precedes that the cause of action "accrues" upon the death of the employee. This seems consonant with the fact that representation of the estate may be had at any time upon the application of the beneficiaries; that the carrier owes no duty to move for such appointment. It is also in harmony with what Mr. Justice Cobb declared in the *McDilda* case, supra, that "it is utterly repugnant to the genius of our laws for a person to be forever liable for a wrong done, whether that wrong arises out of contract or out of tort. As said by Mr. Chief Justice Marshall, in Adams v. Woods, 2 Cranch, 342, ' In a country where not even treason can be prosecuted after a lapse of three years, it can scarcely be supposed that an individual would remain forever liable to pecuniary forfeiture.' "

The identical question was involved in the case of *Williams* v. *W. & A. R. Co.*, 24 *Ga. App.* 750 (102 S. E. 186), and a petition for certiorari was filed in this court to review the judgment rendered by the Court of Appeals. After a careful examination and consideration of the question, this court was then of the opinion that the decision by the Court of Appeals, citing the case of American R. Co. v. Coronas, supra, presented the better view of the question. There were, however, as we have shown above, decisions in which a contrary view was taken. The same question coming again before the Court of Appeals, that court has certified it to this court; and on further consideration of the question we have reached a different conclusion, which we think is sustained by the better reasoning. The denial of a writ of certiorari by the Supreme Court is not binding as a precedent in another case, and does not come within the doctrine of stare decisis as provided in the Civil Code (1910), § 6207.

*All the Justices concur.*