## 11707.  SEABOARD AIR-LINE RAILWAY v. BROOKS, admx.

"Where a suit to recover damages for the homicide of an employee of a railway company is brought under the Federal employer's liability act by the administratrix of the deceased employee, the action is barred by the statute of limitations where it was commenced more than two years after the date of the homicide sued for, but within two years from the date of the appointment of the administratrix."

DECIDED JULY 12, 1921.

Action for damages; from Cobb superior court — Judge Blair. June 16, 1920.

*Randolph & Parker, J. Glenn Giles, S. F. Parham,* for plaintiff in error.

*J. Caleb Clarke, Westmoreland & Smith,* contra.

BLOODWORTH, J.  On March 31, 1917, Mrs. Eugenia Brooks, as the administratrix of R. B. Brooks, filed suit against the Seaboard Air-Line Railway, alleging in part that R. B. Brooks was her son, that while in the employ of defendant and engaged in interstate commerce he was killed by the negligence of the defendant, that he was unmarried, and that at the time of his death, May 14, 1913, she was dependent upon him for support.  The defendant filed a demurrer as follows: "1st.  Said petition sets forth no cause of action against this defendant.  2d.  Because said petition shows that R. B. Brooks died on May 14th, 1913, and that therefore the cause of action, if any ever existed against this defendant, is barred by the statute of limitations; and because, by the act of Congress commonly known as 'the Federal employer's liability act,' upon which said suit is based, viz., that act of Congress of April 22, 1908, it is provided 'that no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued,' and it appears from the allegations of the petition that more than two years have elapsed from the time the cause of action accrued, to wit, the date of the death of said R. B. Brooks, before the filing of plaintiff's suit, said suit being filed in the clerk's office of this honorable court on the 31st day of March, 1917." The trial judge overruled the demurrer, and the defendant excepted.  This court certified to the Supreme Court the following question:  "Where a suit to recover damages for the homicide of an employee of a railway company is brought, under the Federal 'employer's liability act,'

by the administrator of the estate of the deceased employee, is the action barred by the statute of limitations where it was commenced more than two years after the date of the homicide sued for, but within two years from the date of the appointment of the administrator?" The headnote above is the answer of the Supreme Court. The full opinion of that court will be found in 151 *Ga.* 625 (107 S. E. 878).

Under this ruling the judge of the superior court erred in overruling the demurrer, and the judgment must be

　　　　　　　　*Reversed. Broyles, C. J., and Luke, J., concur.*