## MOORE v. ATCHISON, T. & S. F. R. CO.

No. 29760. June 25, 1940.

*104 P. 2d 236.*

Leslie L. Conner, of Oklahoma City, for plaintiff in error.

Rainey, Flynn, Green & Anderson, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted by J. L. Moore on October 26, 1939, under the Federal Employers' Liability Act (45 U.S.C.A. §§ 51-59), against the Atchison, Topeka & Santa Fe Railroad Company to recover damages for an injury alleged to have been

sustained on January 24, 1937, but which did not result in any appreciable disability until approximately two years thereafter. Demurrer to said petition was sustained, and upon election of plaintiff to stand upon his petition, the action was dismissed and judgment for costs entered in favor of the defendant. Plaintiff has perfected this appeal. The question which we are called upon to determine is whether an action for personal injury brought under the provisions of Federal Employers' Liability Act accrues upon the date of the injury or upon the date when the result of the injury becomes apparent.

The act involved, being one enacted by the Congress of the United States, must receive the construction which the Supreme Court of the United States has placed thereon. See Seaboard Airline Ry. Co. v. Brooks, 151 Ga. 625, 107 S. E. 878. In the act (45 U.S.C.A. § 56), it is provided in part as follows:

"No action shall be maintained under this chapter unless commenced within two years from the date the cause of action accrued."

The Supreme Court of the United States, in the case of Reading Co. v. Koons, 271 U. S. 58, 46 S. Ct. 405, 70 L. Ed. 835, holds that the right to recovery by an employee for personal injury under said act accrues on the date that the accident occurs and that the right to recover for wrongful death accrues on the date that the death occurs. On this latter phase we so held in the case of Lindsay v. Chicago, R. I. & P. Ry. Co., 56 Okla. 234, 155 P. 1173.

The limitation provided in the act, supra, is one upon the right and not merely one upon the remedy. Bell v. Wabash Ry. Co., 58 F. 2d 569, and cases therein cited and discussed. The right is one to recover for the injury or wrongful death. For this reason there is no analogy between the cases of Swift & Co. v. State Industrial Commission, 161 Okla. 132, 17 P. 2d 435, and Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, cited by the plaintiff.

Said cases deal with awards made under the Workmen's Compensation Act. The award in such a case is never one for injury sustained, but rather for compensation, in lieu of wages lost as a result of disability. There is no question of negligence involved in such cases. The recovery under the Federal Employers' Liability Act requires proof of negligence, and the right to maintain the action is limited.

The petition here involved showed on its face that the action was barred by the statute of limitations. Under these circumstances, a demurrer to said petition was properly sustained.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DANNER, JJ., concur.