WEATHERMAN, Adm'x, v. VICTOR GASOLINE CO.

No. 29707. May 12, 1942.

Rehearing Denied June 30, 1942. Application for Leave to File Second Petition for Rehearing Denied Nov. 10, 1942.

*130 P. 2d 527.*

Speakman & Speakman, of Sapulpa, for plaintiff in error.

J. E. Thrift, of Sapulpa, for defendant in error.

DAVISON, J. This action was instituted in the district court of Creek county by Stella Weatherman, as administratrix of the estate of W. M. Weatherman, deceased, against the Victor Gasoline Company, a corporation, as defendant.

The plaintiff, as administratrix of her husband's estate, is seeking to recover damages from the former employer of her husband on two causes of action: the first, for his death, which is asserted to have resulted from injuries received in the course of the employment as a result of the employer's negligence; the second, for the husband's pain and suffering asserted to have resulted from the same cause between the date of the injury and the date of his death. The injury was May 5, 1931, the death April 16, 1934. This action was instituted March 25, 1936.

The defendant demurred to the petition of the plaintiff as a whole on the grounds that the two causes of action therein stated were improperly joined, and separately to each cause of action on the theory that the same did not state facts sufficient to constitute a cause of action, special reference being made to the statute of limitations.

The court sustained the challenge to the petition as a whole on the grounds of misjoinder and the separate challenges to the sufficiency of each of the causes of action. The plaintiff elected to stand on her petition and appealed from the order of the court dismissing the action.

Since the court held that each of the purported causes of action was legally insufficient, no opportunity was either sought or granted the plaintiff to file separate petitions on the causes of action and prosecute the same individually. 12 O. S. 1941 § 270.

Upon review of the ruling of the trial court we have concluded that the first

cause of action was sufficient, but the second asserted cause of action was not. Our conclusion that only one of the causes of action was invulnerable when challenged dispenses with the necessity of considering the soundness of the trial court's ruling on the question of joinder.

We shall treat the causes of action in their numerical sequence.

As we have previously noted, the first cause of action was for death of the plaintiff's husband asserted to have been occasioned by the previous negligence of the defendant as his employer. The negligence, if any, occurred almost five years prior to the institution of this action, but the death antedated this action less than two years.

The defendant has, in addition to other questions, raised the statute of limitations under its demurrer. This it was entitled to do under a general demurrer even without specific reference to the statute. Johnson v. State, 173 Okla. 508, 49 P. 2d 141.

The plaintiff's first cause of action is based upon 12 O. S. 1941 § 1053, which provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased. R. L. 1910, § 5281; Laws 1925, ch. 125, p. 177, § 1."

It is the majority rule under statutes of this character that the limitation provided begins to run from the death of the party injured, and that the general statute of limitations applicable to actions based upon tort does not operate as a bar even though the period prescribed by such statute has transpired after the date of the injury and before

the date the action was commenced or even before the death. Annotation 72 A.L.R. 1313; 16 Am. Jur. 113.

This court has committed itself to the majority rule in a case where the statute had not run prior to the date of death. Lindsay v. Chicago, R. I. & P. R. Co., 56 Okla. 234, 155 P. 1173.

While a trend toward the minority and opposing view has been noted in a subsequent annotation dealing with the question (99 A.L.R. 259), we are not disposed to depart from our previous holding. The reasons for the holding are set forth in our previous decision and will not be restated herein.

In the case at bar the only method of redress available to the deceased during his lifetime was a proceeding under the Workmen's Compensation Act. As reflected by plaintiff's petition, he asserted his rights under that law and his award for compensation was judicially approved in this court. Victor Gasoline Co. v. Weatherman, 163 Okla. 113, 21 'P. 2d 35. He could not have commenced any other proceeding prior to his death. Thus the statute of limitations was not running against him during his lifetime as to any and all elements of damage or rights of actions comprehended by compensation under the act. We are therefore not confronted (insofar, at least, as the first cause of action is concerned) with a situation in which the statute barred recovery prior to death.

The question of whether the rule adopted and approved in Lindsay v. Chicago, R. I. & P. R. Co., supra, should be extended and applied to cases in which the right of action which existed prior to death had been barred by the statute of limitations is therefore not presented herein and no opinion is expressed on the question.

It is pointed out by the defendant that liability in the case of Lindsay v. Chicago, R. I. & P. R. Co., supra, was based upon the Federal Employers' Liability Act; that that case was decided in 1916. The defendant also calls our attention to the fact that the Supreme Court of the United States has

adopted a different view in connection with liability under the federal act. Flynn v. N. Y., N. H. & Hartford Ry. Co., 75 L. Ed. 837, 283 U. S. 53, 51 S. Ct. 357. The defendant reasons that our previous case on this point is thus destroyed as judicial precedent. Compare and consider, however, Reading Co. v. Koons, 271 U. S. 58, 46 S. Ct. 405, 70 L. Ed. 835, cited by this court in Moore v. Atchison, T. & S. F. R. Co., 187 Okla. 534, 104 P. 2d 236.

The case at bar does not fall under the federal act. Assuming, without deciding, that in another case falling under that act we should yield to the federal view (if it is then different from our own), it does not follow that our own inclination to conform to the majority view on questions of this character should be abandoned when, as in the case at bar, state statutes alone are involved. We therefore conclude, and hold, that plaintiff's first cause of action is not barred by the statute of limitations.

It is suggested in the briefs that since the deceased had recovered under the Workmen's Compensation Act, the action which "he might have maintained had he lived" had in fact been maintained and satisfied through the award. That, therefore, this cause of action cannot be maintained.

Regardless of the arguments that might be advanced in support of such a position had the deceased instituted and prosecuted a common-law action to final judgment, there is obviously no substantial merit in such a position as applied to the situation presented in this case.

On the question of whether prior recovery in a common-law action by the deceased in an action based on the injury which resulted in death precludes subsequent recovery under the statute, the authorities are not in accord. 16 Am. Jur. 98; Annotation 39 A. L. R. 579.

As this court has previously pointed out, section 1053, supra, does not by

virtue of the above-quoted clause therein inserted or any other provisions of the section operate as a continuance of any right of action which the deceased had prior to his death, but, on the contrary, provides a new and independent cause of action. City of Shawnee v. Cheek, 41 Okla. 227, 137 P. 724.

In the case at bar there is a particular reason peculiar to this jurisdiction which prevents the former recovery from precluding the subsequent action. Our Workmen's Compensation Act does not comprehend death benefits, thus the recovery under the act necessarily excludes that contingency or the possibility thereof as an element of compensation. The act is thus drafted and applied as a result of section 7 of art. 23 of our State Constitution, which reads:

"The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

See Lahoma Oil Co. v. State Industrial Commission of Oklahoma, 71 Okla. 160, 175 P. 836. This section of the Constitution comprehends the right of action existing under section 1053, supra. Brookshire v. Burkhart, 141 Okla. 1, 283 P. 571. Our Compensation Act is mandatory instead of optional in its operation, and since our Constitution excludes the possibility of death benefits under the act and also comprehends and protects rights arising under the statutory action here involved, it necessarily follows that recovery under the act cannot operate to abrogate the constitutional provision. This view rests upon the Constitution. The fact that accrued benefits under the law may be collected, or in some instances awarded, after the death of an injured workman by virtue of 85 O. S. 1941 § 41 (enacted by the Legislature in 1933) does not militate against our conclusion.

The Legislature has not by the last-mentioned statutory provision undertaken to abolish the cause of action for death from injury nor limit the liability

therefor contrary to the constitutional provision above quoted. It merely provided a method whereby the compensation due a deceased by virtue of an injury sustained during his lifetime, exclusive of damages for death, may be collected after his death by those entitled thereto as designated by statute. (Sec. 7, art. 23, supra.)

Another consideration that should be noted in connection with this point is the history of the statutory provisions. The statute upon which this action is based, section 1053, supra, antedated the passage of the Workmen's Compensation Act. The former has been a part of the law of this state since long before statehood. Statutes 1893, § 4313; R. L. 1910, § 5281. At the time of its passage there was no Workmen's Compensation Act. The clause "if the former might have maintained an action had he lived" had no reference to tests prescribed by nor to proceedings arising under the Compensation Act. The latter act was passed in 1915. 85 O. S. 1941 § 1 et seq.; S. L. 1915, ch. 246. It was not intended as an amendment of section 1053, supra, but covered a field of liability not comprehended by that statute, namely, liability for injuries to employees independent of damages occasioned by death. This general scope of the law was not exceeded by the provision of 85 O. S. 1941 § 41, supra.

Upon the foregoing considerations we conclude, and hold, that the fact that compensation for injuries had been received by the deceased during his lifetime under the Workmen's Compensation Act did not preclude recovery under the first cause of action.

We shall next consider whether the facts stated in the first cause of action are sufficient to authorize recovery upon general considerations. The petition is quite lengthy and will not be set out in detail. It suffices to say that under the first cause of action it was alleged, in substance, that plaintiff's intestate had died on April 16, 1934, as the result of an injury which he had sustained on May 5, 1931, in consequence of the neglect of the defendant to furnish the deceased with adequate fellow employees, with a reasonably safe place in which to work, and with reasonably safe tools with which to perform the work which he was required to perform.

The case of Hudson v. Smith, 171 Okla. 79, 41 P. 2d 861, reiterated the rule of liberal construction which prevails in this jurisdiction:

"A petition should be liberally construed, and if it alleges facts sufficient to entitle plaintiff to any relief under the law, a general demurrer thereto should be overruled."

See, also, City of Norman v. Finley, 186 Okla. 329, 97 P. 2d 761; Stevens v. Colby, 182 Okla. 213, 77 P. 2d 67; McPosey v. Sisters of the Sorrowful Mother, 177 Okla. 52, 57 P. 2d 617; Schuman v. William, 176 Okla. 420, 57 P. 2d 821; Moseley v. Smith, 173 Okla. 503, 49 P. 2d 775; Clark v. Cherokee County ex rel. Board of County Com'rs, 171 Okla. 177, 42 P. 2d 227.

In Beasley v. Bond, 173 Okla. 355, 48 P. 2d 299, we said:

"It is the positive duty of the master to use reasonable care in providing safe tools, machinery, and appliances with which to work. Ruemmeli-Braun v. Cahill, 14 Okla. 422, 79 P. 260; Neeley v. Southwestern Cotton Seed Oil Co., 13 Okla. 356, 75 P. 537, 64 L. R. A. 145. And the question as to whether a negligent act involving breach of duty on the part of the master to his servant is the proximate cause of the servant's injury is one of fact for the jury, if there is evidence reasonably tending to prove the same. Cushing Gasoline Co. v. Hutchins, 93 Okla. 13, 219 P. 408."

The allegations of plaintiff's first cause of action measured by the rules announced in the foregoing cases were sufficient to withstand a general demurrer, and therefore as to said cause of action it was error to sustain the demurrer of the defendant.

While we are satisfied, and hold, that under our liberal rules of pleading plaintiff's petition, as to the first cause of action, is sufficient to withstand the defendant's challenge, we are aware

that when the evidentiary facts are placed before the court in support of the ultimate facts as contained in the petition, fatal weaknesses or deficiencies may appear which prohibit recovery. Whether the plaintiff can make a case by proof cannot be predetermined.

We are confident, however, that the trial court in the subsequent proceedings in this case will carefully analyze the proof for the purpose of determining the existence of evidence of probative value upon all elements essential to recovery.

We do not believe a detailed analysis in this opinion of the various elements and factors foreshadowed by the pleading would materially aid in the trial court. The rules of law governing cases of this character have been frequently stated in our previous decisions with sufficient clarity to accurately guide court and counsel as questions arise for determination.

Since this is not a case where a trial has been had and the sufficiency of the evidence to sustain a recovery is involved, the cases cited by the defendant which deal with the risks assumed by an employee and sufficiency of proof of causal connection between negligence alleged and resulting injury are not germane to the matter here under consideration. They will not be discussed herein. It may be that upon the trial the evidence of the plaintiff will be such as to justify the conclusion which the defendant now seeks to draw, but in considering the demurrer to the petition we are not at liberty to indulge the presumption that such will be the fact. It will be time enough to raise such contention when the evidence of plaintiff has been produced and is apparent in the record. The plaintiff was entitled to offer evidence in support of the allegations contained in her first cause of action. It follows that the trial court committed error in sustaining the demurrer as to the first cause of action.

The second cause of action for pain and suffering presents a different situation. The right of the plaintiff to maintain this cause of action does not rest on section 1053, supra. It is not in its essence a cause of action for wrongful death. When it exists and survives, its survival is attributable to 12 O. S. 1941 § 1051, providing for the survival of actions for injury to the person. St. Louis & S. F. R. Co. v. Goode, 42 Okla. 784, 142 P. 1185. Since this cause of action is not based upon the death but upon the suffering caused by the injury prior to death, it necessarily follows that if there has already been a recovery by the deceased during his lifetime which comprehends the injury and damages resulting from the same, no second and subsequent recovery of the same damages can be allowed. The precise question, then, is whether pain and suffering suffered by an injured employee are deemed in law to be covered by an award made under the Compensation Act. On this point the plaintiff relies on the case of Consumers' Gas Co. v. O'Bannon, 94 Okla. 107, 221 P. 423. In that case the injury occurred four days prior to the death. There had been no recovery under the Workmen's Compensation Law and question here involved was not squarely presented. There is, however, some language in the opinion which lends color to the argument of the plaintiff. But insofar as that language may be said to lend strength to the view that pain and suffering sustained by a workman and connected with a compensable injury is not comprehended by an award under the act, it is at variance with and modified by the subsequent decision of this court in Markley v. White, 168 Okla. 244, 32 P. 2d 716. Therein we definitely held that pain and suffering attendant upon or connected with a compensable injury was compensated for by an award made by the State Industrial Commission. That decision is controlling in construing the effect of the award in this case.

In this connection our observation made in Parkhill Truck Co. v. Emery, 166 Okla. 280, 27 P. 2d 333, is worthy of note. We therein said:

"As between employer and employee where compensation is provided for under the Workmen's Compensation Act, the right of action for damages for injury to the person is abolished by the act. There is therefore no cause of action which could survive at common law under section 822, C. O. S. 1921."

(Notice, also, in this connection Stokes v. Collum Commerce Co., 120 Okla. 133, 252 P. 390; St. Louis & S. F. R. Co. v. Goode, supra.)

The trial court correctly sustained the demurrer to the second cause of action, and its ruling on that phase of the case is affirmed.

The judgment of the trial court is reversed as to the first cause of action and affirmed as to the second, and the cause is remanded.

WELCH, C. J., CORN, V. C. J., and OSBORN and ARNOLD, JJ., concur. GIBSON, J., dissents. RILEY, BAYLESS, and HURST, JJ., absent.