234

MURRAY v. TEAPE et al.

No. 33515. Nov. 22, 1949.

*211 P. 2d 1012.*

Embry & Sutton, of Chandler, for plaintiff in error.

Cobb, Hill & Godfrey, of Oklahoma City, for defendants in error.

WELCH, J. This action was brought by C. M. Murray, plaintiff, against E. C. Teape, Karl Kruger and A. A. Thornton, a copartnership doing business as the Prague Drilling Company. The trial court sustained the demurrer to the petition, the plaintiff elected to stand on the petition and the court thereupon dismissed the case, and plaintiff appeals.

In the first three paragraphs plaintiff alleges that he entered into a written contract with the defendants dated June 23, 1943, leasing certain personal property described therein, including an electric light plant and 3,000 feet of O. D. drill pipe; that defendants breached the contract by failing to return the property until long after the 15 days therein provided, eventually returning all but the light plant and the 3,000 feet of drill pipe which plaintiff was forced to recover at his own expense. In the fourth and fifth paragraphs of the petition plaintiff alleges an oral lease on certain specific property not covered by the written contract and states that all the said property was converted by the defendants except a 1¾ x 4500 drilling line. Damage is sought for the value of the personal property converted in the sum of $1,711.80 and rental on the drilling line in the sum of $180. The prayer is for the sum of the two items, to wit, $1,891.80. The demurrer is as follows:

"Comes now the defendants and demur to the petition of plaintiff herein, for the reason and upon the grounds that said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against said defendants.

"Defendants further state that the alleged cause of action in said petition did not accrue to said plaintiff at any time within two years next before the commencement of this suit and that said alleged cause of action is barred by the Statute of Limitations in such cases made and provided in Title 12 O. S. A. §95."

The court sustained the demurrer for the reason that the petition failed to state a cause of action and for the reason that the same is barred by statute of limitations as set forth in the demurrer. .

Plaintiff asserts that the petition states a cause of action and that the trial court erred in sustaining the demurrer. We agree. The first four lines of the fourth paragraph are as follows:

"Plaintiff further alleges that during said time and subsequent thereto defendants, without the knowledge and consent of plaintiff, appropriated certain other equipment of plaintiff which was being kept at and near Cushing, Oklahoma."

It appears from an examination of the petition that nowhere is any time

set for the conversion except in these lines.

Webster defines "subsequent" as synonymous with "since" which covers the intervening period from the happening of an event to the present time. In re Cretiew, 6 Fed. Cas. p. 810, No. 3,390. In the absence of a motion to make more definite and certain, it will not be assumed that plaintiff was incapable of producing evidence to establish the conversion within the allowed statutory period before commencement of the action. A demurrer is not available to raise the defense of limitations and a demurrer is not sustainable on the ground of limitations where the bar of the statute of limitations does not clearly and affirmatively appear on the face of the petition. 54 C. J. S. p. 473.

The rule announced in the syllabus of this case was the rule adopted and applied in Lindsay v. Chicago, R. I. & P. Ry. Co., 56 Okla. 234, 155 P. 1173; U. S. Fidelity & Guaranty Co. v. Fidelity Trust Co., 49 Okla. 398, 153 P. 195, and Tucker v. Hudson, 38 Okla. 790, 134 P. 21.

It is not seriously contended that the petition fails generally to state any cause of action, and, as we have seen, the petition does not affirmatively show a cause that is barred by limitations. It therefore follows that the trial court erred in sustaining the demurrer to the petition.

The cause is reversed and remanded, with directions to the trial court to set aside the order sustaining the demurrer to the petition and dismissing the case, and to reinstate the cause for further proceedings not inconsistent with the views herein expressed.

CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.