Yvonne KIMBERLY, Administratrix of the Estate of Steven C. Kimberly, Appellant,

v.

Ron DeWITT, Delbert Pollard, David Maggard, Joe Maggard, Pee Wee Cranston, Paul Saliba, and Freddie's No. 2, Inc., Appellees.

No. 52531.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 15, 1980.

Released for Publication by Order of Court of Appeals Feb. 14, 1980.

George R. Hanks, Oklahoma City, for appellant.

Jack B. Sellers Law Associates, Inc. by Jack B. Sellers, Sapulpa, for appellees Delbert Pollard, David Maggard, Joe Maggard & Freddie's No. 2, Inc.

Frank M. Hagedorn, Tulsa, for appellee Ron DeWitt.

BOX, Judge:

An appeal by Yvonne Kimberly, administratrix of the estate of Steven C. Kimberly, from the order of the trial court dismissing her case.

The plaintiff's petition alleges that on December 19, 1975, Steven Kimberly was violently beaten by the defendants Cranston, DeWitt, Pollard, and David and Joe Maggard. The beating allegedly took place at Freddie's Steak House in Drumright, Oklahoma, which the petition alleges is owned by the defendant Freddie's No. 2, Inc. The defendant Paul Saliba is alleged to be an employee of Freddie's No. 2, as we read the petition. Kimberly died of injuries to the head on January 3, 1976.

Yvonne Kimberly, the decedent's widow, brought this action in her capacity as administratrix on December 19, 1977. It appears that service was never obtained on Pee Wee Cranston, and he is not a party to this appeal. As to the defendants Cranston, DeWitt, Pollard, and the Maggards, the petition alleges that each of them was "guilty of gross negligence and violence in striking the decedent violently with his fists and/or other objects." As to the defendant Saliba, the petition alleges that he was "guilty of negligence in not providing proper security upon his business premises known as Freddie's Steak House, which, if provided, would have prevented the decedent from being attacked and struck upon the head by the various co-defendants." And as to the defendant Freddie's No. 2, Inc., the petition alleges that it was "guilty of negligence in that it maintained negligent employees on its business premises known as Freddie's Steak House in Drumright, Oklahoma, which negligence lead [sic] to an unsafe and hazardous condition and atmosphere which caused the decedent to be placed in a violent atmosphere which resulted in his being struck upon the head by the various co-defendants which lead [sic] to his death."

The petition was drawn with two causes of action. It says that the first is brought "under the authority of Title 12, Oklahoma Statutes, Sec. 1053, for the benefit of Yvonne Kimberly, surviving spouse of decedent, and Roderick Kimberly, surviving son of decedent." In the first cause of action damages of $150,000 are sought for pain and suffering, and damages of $250,000 are sought for the lost "love, care and services" of the decedent, all on behalf of the surviving spouse and son. In the second cause of action, damages of $8,000 for the expenses of the last illness and of $1,500 for funeral expenses are sought.

Three different pleadings were filed by the defendants and ruled on by the trial court. Before reviewing the trial court's disposition of the pleadings, we will decide three issues raised by the parties on this appeal.

### Causes of Action

The first issue raised is what causes of action were pleaded against which defendants. Though the petition alleges "gross negligence and violence" against Cranston, DeWitt, Pollard, and the Maggards, the substance of the pleading states only a cause of action for assault and battery. What controls is not the pleader's designation of the nature of the cause of action; rather, it is the substance of the pleading and the nature of the issues raised thereby. *Ganas v. Tselos*, 157 Okl. 107, 11 P.2d 751, 751 (syllabus ¶ 7), 755; *Comstock v. Little*, Okl., 359 P.2d 704, 705 (syllabus ¶ 3). Allegations similar to the ones made against these defendants were held to state a cause of action for assault and battery in *Thomas v. Casford*, Okl., 363 P.2d 856, 857 (syllabus). Thus, against these defendants a cause of action for assault and battery was pleaded. Against the defendants Saliba and Freddie's No. 2, Inc., on the other hand, the petition alleged only negligence, and that is the plaintiff's cause of action against those defendants.

### Elements of Damages

The second issue deals with what elements of damages are properly includible in which cause of action. The first cause of action is a wrongful death action brought under 12 O.S.1971, § 1053, as it appeared in 1977, which provided:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased.

In the first cause of action damages are sought for both pain and suffering and pecuniary loss. The defendants contend that damages for the decedent's pain and suffering do not belong in a wrongful death action under section 1053. In this contention the defendants are correct. *Smith v. Chicago, R. I. & P. Ry.*, 42 Okl. 577, 142 P.2d 398, 399 (syllabus ¶ 6); *Missouri, O. & G. Ry. v. Lee*, 73 Okl. 165, 175 P. 367, 369 (overruled in part on another point by *Whitehead Coal & Mining Co. v. Winton*, 107 Okl. 99, 230 P. 509, 509); *St. Louis-San Francisco Ry. Co. v. Hutchison*, 117 Okl. 190, 245 P. 891, 893; *Baltimore American Ins. Co. v. Cannon*, 181 Okl. 244, 73 P.2d 167, 168–69. Damages for the decedent's pain and suffering must be sought in a separate action. *St. Louis & S. F. R. Co. v. Goode*, 42 Okl. 784, 142 P. 1185, 1191–92. That separate action can be a separately numbered cause of action in the same lawsuit and would be a survival action brought under 12 O.S.1971, § 1051, which provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

■ The defendants argue that the second cause of action, in which damages are sought for the expenses of the last illness and funeral expenses, must be a survival action under section 1051, that those elements of damages are not recoverable in a wrongful death action under section 1053. This is incorrect. Expenses for the last illness and funeral expenses are proper elements of recoverable damages in a wrongful death action under section 1053. *Crossett v. Andrews*, 277 P.2d 117, 117 (syllabus ¶ 1); see *Mathies v. Kittrell*, 354 P.2d 413, 413–414 (syllabus ¶ 1). As the Supreme Court did in *Crossett v. Andrews, supra*, to sustain the pleading we will treat the elements of damages for pecuniary loss to the widow and son, expenses of the last illness, and funeral expenses as having been pleaded in one cause of action. 277 P.2d at 118. And we would point out that in future cases this problem of what to plead in which cause of action will not be present, because by amendments in 1978 and 1979 to section 1053 all of the elements of damages discussed here will be includible in a wrongful death action. 12 O.S.Supp. 1978, § 1053(B); 1979 Okl.Sess. Laws Serv. Ch. 235, § 1, at 586–87.

### Statutes of Limitations

The third issue for our disposition is whether the statute of limitations has run on the causes of action. We will consider this question from four aspects: (1) the wrongful death claim for pecuniary loss, expenses of the last illness, and funeral expenses based on assault and battery against Cranston, DeWitt, Pollard, and the Maggards; (2) the wrongful death claim for the same damages based on negligence against Saliba and Freddie's No. 2, Inc.; (3) the survival claim for pain and suffering based on assault and battery against Cranston, DeWitt, Pollard, and the Maggards; and (4) the survival claim for pain and suffering based on negligence against Saliba and Freddie's No. 2, Inc.

■ *Wrongful Death Claims.* The first two aspects can be considered together. Our wrongful death statute quoted above, section 1053, requires the action to be "commenced within two years." The defendants do not quarrel with this statuto-

ry language; rather, they say that the action was barred before it was commenced. It is clear that the wrongful death statute gives the decedent's personal representative a new cause of action, separate from any the decedent may have had, which does not arise until after death. *Haws v. Leuthje*, Okl., 503 P.2d 871, 874. However, that action is predicated upon the decedent's having a right of action had he lived. *Id.; Hill v. Graham*, Okl., 424 P.2d 35, 36 (syllabus ¶ 2), 37–38. This action was commenced within two years of death; it was commenced exactly two years after the injury. The general statute of limitation for assault and battery is one year. 12 O.S.1971, § 95 (Fourth); *Thomas v. Casford, supra*. The defendants argue that had the decedent lived, he would have been barred by the statute of limitation from bringing an action on the date his administratrix commenced this action; therefore, this action should likewise be barred. We note that even under this theory the action against the defendants Saliba and Freddie's No. 2, Inc.—against whom negligence, not assault and battery, was pleaded—would not be barred, because the general statute of limitation for negligence is two years. 12 O.S. 1971, § 95 (Third); *O'Neal v. Black & Decker Manufacturing Co.*, Okl., 523 P.2d 614, 615. But the argument misses the mark as to all defendants. The question to be asked in considering the effect of the language of the wrongful death statute—"if the former might have maintained an action had he lived"—is whether the decedent could have commenced an action *on the day he died*, not whether he could have on the day his personal representative commenced the action. In *Weatherman v. Victor Gasoline Co.*, 191 Okl. 423, 130 P.2d 527, 529, the Oklahoma Supreme Court held:

> It is the majority rule under statutes of this character that the limitation provided begins to run from the death of the party injured and that the general statute of limitations applicable to actions based upon tort does not operate as a bar even through the period prescribed by such statute has transpired after the date of the injury and before the date the

action was commenced or even before the death. Annotation 72 A.L.R. 1313; 16 Am.Jur. 113.

This court has committed itself to the majority rule in a case where the statute had not run prior to the date of death. *Lindsay v. Chicago, R. I. & P. R. Co.*, 56 Okl. 234, 155 P. 1173.

The limitation provided in the wrongful death statute is two years, and it begins to run on the date of death. *Id.* at 528 (syllabus ¶ 1); *Hugh Breeding, Inc. v. Daniel*, Okl., 373 P.2d 75, 76 (syllabus ¶ 1) (overruled in part on another point by *Haws v. Leuthje*, 503 P.2d 871, 875). Thus, the wrongful death claims are timely brought.

■■ *Survival Claim Based on Assault and Battery*. A different statute of limitation problem is presented for the claim for pain and suffering based on assault and battery against Cranston, DeWitt, Pollard, and the Maggards. This claim must be brought under the survival statute, section 1051, which has no special limitation provision. Actions under the survival statute are subject to the general statute of limitations, 12 O.S.1971, § 95. *Landry v. Acme Flour Mills Co.*, 202 Okl. 170, 211 P.2d 512, 516–17. Since this claim is based on assault and battery, which has a one-year limitation, 12 O.S.1971, § 95 (Fourth); *Thomas v. Casford, supra*, it is barred by the statute.

■ *Survival Claim Based on Negligence*. This claim, against the defendants Saliba and Freddie's No. 2, Inc., is also subject to the general statute of limitations, 12 O.S. 1971, § 95. *Landry v. Acme Flour Mills Co., supra*. The limitations period on a negligence action, however, is two years. 12 O.S.1971, § 95 (Third); *O'Neal v. Black & Decker Manufacturing Co., supra*. Thus, this claim is timely brought.

### Disposition

We turn now to the rulings of the trial court. Pleadings were filed and ruled on by the trial court in three groups of defendants: (1) DeWitt, (2) Pollard and the Maggards, and (3) Saliba and Freddie's No. 2, Inc. We will consider each individually.

▮ *DeWitt.* The defendant DeWitt filed a demurrer to the petition, stating two grounds: that the action was barred by the statute of limitations and that the petition "does not contain sufficient allegations" to require him to respond. The trial court sustained the demurrer solely on the ground of the statute of limitations. As we have said above, the wrongful death claims against DeWitt were timely brought, though the survival claim for pain and suffering was not. As we have also said above, the allegations in this petition are similar to the ones held to state a cause of action for assault and battery in *Thomas v. Casford, supra.* We hold that the facts alleged were sufficient to state such a cause of action here. Accordingly, the demurrer should have been overruled and the case against DeWitt should not have been dismissed. When *any* facts stated in the petition would entitle the plaintiff to *any* relief, a demurrer should be overruled. *State ex rel. Pollution Control Co. v. Kerr McGee Corp.*, Okl., 532 P.2d 1386, 1387; *Employers Casualty Co. v. Ideal Cement Co.*, Okl., 511 P.2d 1090, 1092; *McKenzie v. Feldman*, Okl., 434 P.2d 884, 885 (syllabus). Finally, the inclusion of damages not authorized in a wrongful death cause of action (pain and suffering) does not make either the petition or the first cause of action demurrable. *Anderson v. Muhr*, 36 Okl. 184, 128 P. 296, 296 (syllabus ¶ 4) (per curiam); see *Hamilton v. Brown*, 31 Okl. 213, 120 P. 950, 950–51 (syllabus ¶ 2); *Deming Inv. Co. v. Britton*, 72 Okl. 145, 179 P. 468, 468 (syllabus ¶ 1); *Shell Petroleum Corp. v. Kent*, 187 Okl. 637, 105 P.2d 230, 230–31 (syllabus ¶ 1); *Hardware Mutual Casualty Co. v. Baker*, 437 P.2d 1012, 1012 (syllabus ¶ 1). The order of the trial court sustaining the demurrer of DeWitt and dismissing the case against him is reversed.

▮ *Pollard and the Maggards.* Pollard and the Maggards filed two pleadings, a general demurrer and a special appearance and plea to the jurisdiction. The trial court specifically did not rule on the demurrer, but had it been sustained our disposition of it on appeal would have been the same as for DeWitt's demurrer. The spe-cial appearance and plea to the jurisdiction was predicated on the sole ground that the court lacked jurisdiction because the statute of limitations had run; it was sustained, and the case dismissed. We reverse. In *Loyal Order of Moose, Lodge 1785 v. Cavaness*, 563 P.2d 143, 146, our Supreme Court held:

> A true statute of limitations works on the remedy rather than the right and governs the time within which a legal proceeding must be instituted after a cause of action accrues. [Italics in original deleted.]

A special statute can affect the jurisdiction of the court, *id.; In re Estate of Redwine (Moser v. Figg)*, Okl., 445 P.2d 275, 278, but here we are dealing with a general statute of limitations. In *Ball v. Industrial Commission*, 30 Colo.App. 583, 503 P.2d 1040 (1972), the Colorado Court of Appeals held:

> A lack of jurisdiction results from a denial or absence of power. Hence, no plea in bar, such as a statute of limitations, deprives a judicial or quasi-judicial body of jurisdiction. A plea in bar, when sustained, only deprives the party against whom the plea is asserted of the right to proceed or be heard. Unfortunately, it has become common practice, both for counsel and the courts, to say that a plea asserting a statute of limitations as a bar to an action "defeats the jurisdiction" of the court.
>
> . . . . .
>
> The time limitation of [the statute under question] is a statute of limitation which may be pled as a bar to a claim. This limitation is not a limitation of authority or jurisdiction, but is instead a legal defense.

*Id.* at 586–87, 589, 503 P.2d at 1042–43. (This case was overruled in part on another point by *Kuckler v. Whisler*, 191 Colo. 260, 262, 552 P.2d 18, 19 (1976) (en banc).) We hold that the bar of an action by a general statute of limitations, such as 12 O.S.1971, § 95, is not jurisdictional.

▮ *Saliba and Freddie's No. 2, Inc.* Saliba and Freddie's No. 2, Inc., filed a demurrer on the ground that the petition

fails to state sufficient facts to constitute a cause of action. As with the other pleadings, the trial court sustained this demurrer solely on the ground of the statute of limitations. We have held that the plaintiff pleaded negligence against these defendants and that both the wrongful death and the survival claims against these defendants were timely brought. It was therefore error to sustain the demurrer on statute of limitations grounds. Nor could the demurrer be sustained because unauthorized damages (pain and suffering) were sought in the wrongful death cause of action. *Anderson v. Muhr* and other authorities cited, *supra*. Those damages can be stricken from the wrongful death cause of action by proper pleading. As we did with the other pleadings, we reverse the trial court's order sustaining this demurrer and dismissing the case against these defendants.

We have reversed the order of the trial court as it pertains to all defendants. The cause is remanded for further proceedings.

REVERSED AND REMANDED.

REYNOLDS, P. J., and ROMANG, J., concur.